# Wilson *versus* Forder.

Where there is an entire contract for plastering several houses for a gross sum, work done on one of them will not keep alive the mechanics' lien against the others, upon which no work was done within six months from the time of filing the joint claim.

ERROR to the District Court of *Philadelphia*.

This was a *scire facias* upon an apportioned mechanics' claim, by Samuel Forder against William Koockogey, owner or reputed owner and contractor, and Clement A. Wilson, terre tenant.

The claim was filed on the 11th February 1855, against six houses upon Eleventh street above Master street, in the city of Philadelphia, for plastering and materials, alleged to have been done and furnished under and by virtue of a special contract, for a stipulated sum, to wit, the sum of $1110, made by the said Samuel Forder with William Koockogey, for the erection, construction, and finishing of said houses; and which was done and furnished, in pursuance of the said contract, between the 4th November 1853 and the 11th August 1854.

Koockogey, the builder, suffered judgment to go against him by default. But Wilson, the terre tenant pleaded, *inter alia*, that the said materials and labour were not furnished and done in and upon the said houses upon a special contract; and, upon this, issue was taken.

It appeared on the trial, that, in 1853, William Koockogey commenced the erection of the six contiguous three-story brick dwelling-houses, against which the claim was filed. And that, in the spring of 1854, this row of houses was completed and put

VOL. VI.—9

[Wilson *v.* Forder.]

into the market, and all of them sold by William Koockogey, at private sale, as finished houses. The conveyance to Wilson was on the 21st June 1854.

It was also shown that the plaintiff had done some plastering on one of the houses, but on which of them, did not appear; nor was there any evidence that this work was done under the alleged contract. After the plaintiff had rested his cause, the defendants' counsel moved for a nonsuit, under the Act of Assembly; which the court refused to order, but reserved for the consideration of the court in banc, the point—"Whether there was evidence for the jury of the existence of the contract alleged in the claim and denied in the plea?"

The court subsequently gave judgment for the plaintiff upon the point reserved; and the following opinion was delivered by HARE, J. :—

"The cases of O'Brien *v.* Logan, 9 *Barr* 97, and Barclay's Appeal, 1 *Harris* 495, establish that a claim filed under a special contract need not set out the contract, and will be sufficient if it designate the kind of work and the building with sufficient accuracy to prevent uncertainty, and close the access which might otherwise be given to fraud. It follows, that a specification of the particulars of the contract, or of the precise sum which the mechanic claims, may be disregarded as surplusage at the trial, and a verdict given for the plaintiff, on proof that the work described in the lien was done, and that the owner agreed personally, or through the contractor, to pay for it; and that it is not necessary to show a promise to pay the precise sum mentioned in the claim. The justice of this conclusion will be apparent, if we reflect that where amount or value are really material, the smallest discrepancy between the *allegata* and *probata* will be equally fatal with the greatest, and the mistake of a penny as irremediable as one which extends to thousands or millions. The motion for a new trial is refused, and judgment entered for the plaintiff on the point reserved."

To reverse this judgment, Wilson sued out the present writ, and here assigned the same for error.

*Dennis*, for the plaintiff in error.—The defendant in error was bound upon the trial of the cause, not only by the pleadings, but by *the nature of the lien, and bill of particulars filed*, to prove his contract: Knabb's Appeal, 10 *Barr* 187.

*Earle*, for the defendant in error.—The question as to the existence of the special contract, has been found by the jury; and if there was any evidence of it, the plaintiff in error is concluded by their finding: Bartlett *v.* Kingan, 7 *Harris* 341. The

[Wilson v. Forder.]

point whether the lien was filed in time, is not before this court. The cases of O'Brien v. Logan, 9 *Barr* 97, and Barclay's Appeal, 1 *Harris* 495, establish the principle that where work is done under special contract, such contract need not be set forth in the claim. Under the Act 11 April 1855, if the work done on the 11th August 1854 was performed *bonâ fide*, the claim was filed in time, independent of the special contract. The mechanic, when he bestows labor upon several contiguous buildings, may, at his option, regard them as one : Chambers v. Yarnall, 3 *Harris* 267.

The opinion of the court was delivered by

LOWRIE, C. J.—On the closing of the testimony of the plaintiff below, the defendant asked for a nonsuit, and we think he might well have had it on the evidence. We do not notice the reasons he assigns here; because he does not appear to have assigned any below. The court reserved the question, whether there was any sufficient evidence that the last work was done in pursuance of a special contract for a stipulated price, for the plastering of all the six houses, as alleged in the claim, and afterwards decided that there was. But we do not think so.

If the houses were finished before the 11th August 1854, this claim was filed too late. There was some patching done on that day, and the question was : was it done in pursuance of a contract for the whole plastering? We see no evidence of such a contract.

And even if there had been one, we do not see that it ought to have benefited the plaintiff; for all the houses were completed, in all substantial particulars, long before that; and on the 9th August the parties had settled their accounts, and the plaintiff had received notes for the balance of his claim: and then, at least, if not before, he might have filed his claim against the buildings, notwithstanding the patching, and his right to do so was gone in six months after that.

The contract alleged, is one contract for a stipulated sum, for the plastering of all the six houses, and we see no word of evidence sustaining the allegation; but, on the contrary, that item of the plaintiff's evidence that shows that appraisers were called in to value his work, and that they valued each house at $210, is very convincing evidence against it. For anything that we can discover in the evidence, there might have been a separate contract for each house.

But apart from this, we think that the cause was tried on a wrong theory. It is assumed that, where there is one contract for the work to be done in the erection of six or a score of houses, the lien of the mechanic on all of them continues, without being entered, until six months after the last work is done on the one which is last in being finished; although others of them may have been finished months or years earlier, and sold to fair purchasers

who buy them as finished houses, and who know nothing of the contract connection between the houses, nor of the fact that some of them are unfinished.

Now surely this is not well assumed. It is a plain moral duty of legislation and jurisprudence, even in furnishing and administering a deserved protection to one class of citizens, to see that the general rules of this special part of the law shall not be a snare and an injury to the community. The mechanics' lien law does not require any departure from this principle.

Though a man *may* file a joint claim against several houses built together for the same owner, yet the law does not require it, for it makes *every* building subject to a claim for the expense of its erection. Though the contract be entire, the law apportions the claim into as many liens as there are houses, and a claim may be filed against each house as it is finished, and therefore a purchaser has a right to presume that a house is free from all claims not entered within six months after its completion. This rule is plainly necessary, at least for the protection of purchasers, whether the original owner would be entitled to invoke it or not. They read nothing more plainly in the law than the rule that a house is free from mechanics' claims not recorded within six months after its completion, and they have a right to protection in their reliance on this rule. It contributes to certainty of titles, to the avoidance of litigation, and therefore to the value of such property, and it is very easily understood and followed.

And this can very rarely disappoint the just expectations of the builders, if they file their claims with any proper regard to the rights of purchasers; for almost always it is only a balance that is due on their contracts, and they may apply all payments made to them to the discharge of such houses as may have been sold, except in cases where such an application would unjustly interfere with other liens. Then, in almost all cases, the remaining houses would be an abundant security for the balance due to them, and the rights of purchasers would be fairly treated.

The decision of the reserved point in favour of the plaintiff involves the assertion of the principle that, if there was a special contract for plastering all the six houses for a gross sum, the patching done in any one of them, long after the whole work was substantially completed, may be regarded as the completion of each and all of the houses; and a claim filed six months thereafter is a good lien even as against a previous purchaser, to whose house no patching was done. This point ought to have been decided in favour of the defendant.

> Judgment reversed, and judgment for the defendant, notwithstanding the verdict.