92      116
26 SC' ²278

## City of Pittsburgh *versus* Knowlson.

1. The provisions of the Act of January 6th 1864, with reference to the filing of municipal liens within six months from the completion of the work, are not merely directory but are material, and a failure to comply therewith will defeat the lien.

2. The six months are to be computed from the time the contractor finished the work, and not from the time of their acceptance and approval by the city engineer.

3. Kaiser *v.* Weise, 4 Norris 366, followed.

November 11th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1879, Nos. 161, 162, 163 and 164.

Scire facias sur municipal lien for grading, paving, &c., issued by the city of Pittsburgh against Richard Knowlson. In the court below this case and that of the same plaintiff against Watson's Estate, Same against Coward, and Same against Moffatt, were all tried together. The same testimony was given in each, and the facts in each are identical. They were liens filed by the city of Pittsburgh for the grading, paving and curbing of Locust street, from Shingiss street to Miltenberger street.

The Act of January 6th 1864, sect. 6, Pamph. L. 1131, authorized the councils of the city of Pittsburgh, whenever they deemed it expedient, to grade, pave and set with curbstones, "any public street, lane or alley, or any parts thereof, which is now, or which may hereafter be laid out and opened in said city." The councils, in pursuance of this power, on July 28th 1873, authorized the grading, paving and curbing of said portion of Locust street. Accordingly, on February 6th 1874, a contract with Evan Jones was duly made by the city, through her engineer, for that work. This contract provided, inter alia:

"All the materials furnished, and all the work done, which, in the opinion of the engineer, shall not be in accordance with this specification shall be immediately removed and other materials furnished and work done that will, in the opinion of the engineer, be in accordance therewith."

Further on, in the contract, the contractor agrees to complete the work "to the satisfaction of the engineer;" and again, it provides that if any ambiguity shall arise under the contract, "the engineer's instructions shall be considered explanatory, and shall be of binding force."

Jones did proceed with the work, and completed the same on October 25th 1876. The engineer then took the work off his hands, and at once made his assessments against the lots fronting on the

[City of Pittsburgh *v.* Knowlson.]

street for the cost of the improvement. These he duly advertised, and, as required by law, handed the assessments over to the city treasurer for collection. The treasurer in turn gave notice, and after waiting the allotted time, on February 28th 1877, passed the assessments to the city attorney. As is usual in his office, to save the lot-owners costs, he waited for some time for them to pay, and on March 28th 1877, filed the liens in these different cases, for the assessment against each lot for its share of the cost of the improvement. After the introduction in evidence of the Act of 1864, above referred to, the city ordinance of July 28th 1873, and the liens filed, the city rested.

The defendants, among other defences, claimed that the lien had not been filed within six months after the work was done. They alleged the work was finished on September 5th 1876; that the liens were not filed until March 28th 1877, and that therefore they were void, and there could be no recovery. They introduced witnesses to show that about September 1876, the street commissioners of the city inspected and approved the work; and they also called Mr. Jones, the contractor, and one or two workmen, to show when the last work was done. All of the witnesses, however, who were called, agreed that work was done on this street in October 1876; that when the street commissioners sent their written approval of the paving to the city engineer, he went out on the work; that he notified the contractor that the work was not satisfactory to him; that the contractor must reset some curbing, a portion of it, near Cooper street, being out of line; that a certain portion of the pavement where there had been a fill, had sunk, and the contractor must fill up to grade at that point, and relay the pavement. The contractor accordingly did this work. Mr. Dempster, the engineer, says it was done in October 1876, and he accepted the work in October 1876. John Callahan who did the work, was also called, and he testified he did it in October 1876.

There was no dispute that the work was done in October 1876, but the defendants claimed that the re-setting of the curb was rendered necessary by a mistake of the engineer, and that the sinking of the pavement was by a heavy rain, and therefore, they argued, the time of the completion of the work was not extended.

The plaintiff claimed that the provisions of the Act of 1864, relating to the time of filing the liens for assessments, was, as between the city and the lot owner directory merely, not mandatory; that an omission to file within six months after the completion of the improvement would not defeat the lien. That the act, when it says, in fixing the time for the filing of the lien within six months "after the completion of said improvements," intended, in harmony with all the city laws, to mean within six months after the work was done and accepted by the engineer; that in this case, as in fact if work was required by the engineer to be done, and it was.

[City of Pittsburgh *v.* Knowlson.]

done under the contract for grading the street, within six months preceding the filing of the liens, they were good, and it was immaterial whether this work was rendered necessary by mistake of the city engineer, or by rains.

The court declined so to charge, but said that the six months for the filing of the liens ran from the day when the last of the original contract work was done on the street.

The following points were submitted by plaintiff, all of which the court refused:

1. That the provisions of the Act of Assembly, with reference to the filing of municipal liens within six months from the completion of the work, is directory only, and will not, as between the lot owner and the city, defeat the right of the city to file such a lien.

2. That the time from which the six months runs is the " completion of said improvements," and under the contract in evidence, and the Acts of Assembly and ordinance, the said improvement is not completed until approved by the city engineer.

3. That as under the laws and ordinances of the city, and the contract in this case in evidence, it is made the duty of the city engineer to finally approve and pass upon the work done by the contractor in the improvement of the street—the improvement is not completed until that officer is satisfied with the work of the contractor, and makes a declaration to that effect by a final estimate or otherwise.

4. That under the laws and ordinances of the city, and the contract in this case, the grading, paving and curbing of Locust street was not completed until the last work was done by the contractor, under the direction of the city engineer, as the officer of the city therein and thereby designated to pass upon the workmanship and quality of work done upon the street.

. In the general charge, the court, White, J., charged the jury:

" The lien must be filed within six months after the actual completion of the work. The acceptance of the work by the street committee or the city engineer, does not fix or determine the date from which the period of six months is to be counted. Such acceptance by the street committee, and a certificate by them to that effect to the city engineer, is evidence that the work was then completed but not conclusive. The actual completion of the work by the contractor, under his contract—the day when he did the last work under his contract, fixes the date from which the period for filling the lien must be counted.

" Any imperfection in completing the work required by the contract, or any defect in the work, which has to be remedied before the engineer will accept the work, or take it off the contractor's hands, will extend the actual completion until that work is done, and the time must be counted from that date. [But repairs made necessary by heavy rains, or a change of a few feet of curbing, after

[City of Pittsburgh *v.* Knowlson.]

the contractor had quit work and after the acceptance of the work by the street committee, would not have the effect of extending the time of the actual completion, unless the curbing thus changed had been improperly placed through the neglect or fault of the contractor.]

"The question for you to determine upon all the evidence, is this: When was the work of grading, paving and curbing on Locust street, under the contract with Evan Jones, actually completed? The lien was filed March 28th 1877. Six months before that was September 28th 1876. If, therefore, the work was actually completed before September 28th 1876, the six months had expired before the filing of the liens, and your verdict should be for the defendants, otherwise your verdict should be for the plaintiff.

"All the other questions in these cases, are questions of law and for the court."

Verdict for defendants, and after judgment plaintiff took this writ and alleged, that the court erred in refusing the above points, and in the portion of the foregoing charge included in brackets.

*T. S. Bigelow* and *D. T. Watson*, for plaintiff in error.—We submit, that whatever might be the questions arising as to third persons, these Acts, as between the city and the lot against which the lien is filed, and the owner thereof, are directory only, in so far as they contain any requirement for liens to be filed in six months after completion of improvements. The reasons requiring the filing of mechanics' liens within the six months do not apply here. The mechanics' lien is an extraordinary and additional remedy for the collection of a debt. The creditor does not lose his common-law remedy by action, but the statute in certain cases gives him an unusual remedy, and therefore, this court has decided the act must receive a reasonably strict construction—and the party claiming its benefits must bring himself plainly within it.

In the case at bar no such reasons exist. The lot-owner is not personally liable for the assessment. It is a lien solely against his lot. The work for which it is filed is a public one. Public notice is given of it. The lot-owner cannot be misled. Why should he be favored with a strict construction, which will relieve his lot of all liability, if the lien is not strictly filed within the six months.

The provisions of the contract, in evidence, show that the contractor could receive no money until the engineer approved of his work; and that his work under the contract, was not done until it was done in such manner as satisfied the city engineer. This being so, the improvement, was not completed until the city engineer accepted and approved the work.

*J. Slagle, C. Magee* and *W. W. Thomson*, for defendants in

error.—Where there is a proviso limiting the authority of anything directed to be done before the jurisdiction vests, or before the power granted shall be exercised, such proviso or direction is mandatory: Commissioners of Kensington *v.* Keith, 2 Barr 218; Olds *v.* Erie, 29 P. F. Smith 380; Fell *v.* Philadelphia, 31 Id. 75; Reilly *v.* Philadelphia, 10 Id. 467; Pittsburgh *v.* Walter, 19 Id. 365; Philadelphia *v.* Edwards, 28 Id. 62.

Under the authority of these cases, and of Pittsburgh *v.* Coursin, 24 P. F. Smith 401, the provisions contained in the seventh, eight and ninth sections of the act of 1864, might all be considered directory, because they all relate to the manner in which the power vested in the several city officers shall be exercised, but the 19th section could not be so considered. By it an entirely new power or authority is conferred. Nowhere else in the act, are the assessments made liens on the abutting property. In the grant of this power there is a material proviso or limitation. The assessments are made liens from the commencement of the work, and shall continue liens for five years, if, or provided, they are filed within six months after the completion of the work. To consider this qualification or proviso as directory merely, and not mandatory, is to strike it entirely out of the act.

The plaintiff in error claims, that the six months fixed by the statute commences to run from the acceptance of the work by the city engineer, and not from the last work done. This, it is submitted, is ruled otherwise in Kaiser *v.* Weise, 4 Norris 366.

It is argued, that from the terms of the contract between the city and 'the contractor, the acceptance of the work is to be considered the completion of the improvement. The city, by its agreement with its contractor, cannot change the Act of Assembly or bind the defendant here, who was not in any manner a party to it.

Mr. Justice GORDON delivered the opinion of the court, November 24th 1879.

This is a scire facias upon a municipal claim for grading and paving on Locust street, in the city of Pittsburgh, filed in the proper lien docket, March 28th 1877, which was, as the jury found, more than six months after the completion by the contractor, of the work upon the street above named, but within that period, counting from the date of the approval and acceptance of that work by the city engineer. Two points, the only ones we need mention, as those embrace all that is material in the case, were made by the counsel for the city; they were, 1. "That the provisions of the Act of Assembly, with reference to the filing of municipal liens within six months from the completion of the work, is directory only, and will not, as between the lot-owner and the city, defeat the right of the city to file such lien."

2. " That the time from which the six months run is the 'completion of said improvements,' and under the contract in evidence, and the Acts of Assembly and ordinance, the said improvement is not completed until approved by the city engineer." Both these points were refused; the court holding that the provision of the act, in the first point mentioned, was not merely directory but material, and that a want of compliance with it would defeat the lien; and that the six months must be computed from the time when the contractor finished his work, and not from the time of its approval by the engineer.

In this, we think, the court was right. If we examine the act we shall find, " that the lien authorized by this act shall be filed in the District Court of said county, in the same manner as mechanics liens are filed;" and further, that " the assessments authorized by this act shall be liens upon the properties assessed, from the commencement of the improvements for which they were made, and shall, if filed within six months after the completion of said improvements, continue liens for five years, and be revived by scire facias as other liens."

Now it will be observed that there is here not merely a direction, as in the act considered in the case of Magee v. The Commonwealth, 10 Wright 358, to file the assessments within a given time in order that they may become a lien, but the provision is that they shall be a lien from the commencement of the improvement, and shall, "if filed within six months after the completion of said improvements, continue liens for five years." Here the lien is made to depend for its existence upon the compliance with the condition, for if not, it follows that the lien, without the filing of the assessments, continues for five years. For, of course, if this condition is not obligatory but directory then there would be a sufficient compliance if there were a filing of the assessments at any time within the last named period. It would, however, be an amazing stretch of the imagination to suppose the legislature intended a matter so contrary to all reason and precedent as the burthening of property by secret and uncertain liens for the period of five years. The proposition so to construe the act becomes all the more singular when we consider that the framer of the statute had the mechanics' lien law, not only for his model, but, so far as applicable, made it part of his enactment. There is, therefore, nothing left for us but the conclusion, that as the six months limitation in the mechanics' lien law is material, so it is in the act under consideration.

Then as to the second point : when may the improvement be said to be completed? Here the statute may well be allowed to interpret itself. The lien is to commence with the commencement of the improvement. Now commencement is just as ambiguous a term as completion and not any less so; we presume, however,

[City of Pittsburgh *v.* Knowlson.]

no one would pretend that the lien would reach back to the promulgation of the ordinance for the street paving, the approval of the contract or to anything preliminary to the actual beginning of the work, for nothing is more obvious than if the actual work never begins neither does the lien. Not less obvious is it that the completion of the improvement means the finishing of the work on the ground, for the city engineer is not called upon to finish the work, but to approve and accept that which has already been finished by the contractor, hence his approval pre-supposes a work previously finished.

This question has been already and in point decided by the case of Kaiser *v.* Weise, 4 Norris 366. In this case, Kaiser the vendee of Weise had executed a mortgage for the purchase-money of the premises conveyed to him. On a scire facias brought to enforce the mortgage, he proposed to set off the payment of a precedent municipal lien originating in a claim for the grading of Hazlewood avenue. This was resisted on the ground that his payment was that of a mere volunteer, having been made one day after the six months had expired from the completion of the work. The court sustained the objection, and in this court its ruling was affirmed. Yet there, as here, it was contended that as the limitation, counting from the time of the approval and acceptance of the work, had not expired, the lien was in force. This case then is directly in point, and settles any doubt that might otherwise arise in the determination of the contention in hand.

Complaint is also made of a part of the charge of the court, which is as follows : "But repairs made necessary by heavy rains or a change of a few feet of curbing, after the contractor had quit work, and after the acceptance of the work by the street committee, would not have the effect of extending the time of the actual completion, unless the curbing thus changed had been improperly placed through the negligence of the contractor."

We think this instruction quite as favorable to the plaintiff as it ought to have been. The limitation runs from the time when the work is finished and cannot be extended by repairs or alterations made afterwards. For these the property owner is not assessed but only for original work, and it is hence obvious that they can, for no purpose, be tacked to that work.

Judgment affirmed.

For reasons above stated judgments of affirmance are to be entered in the following named cases :

CITY OF PITTSBURGH *v.* ROBERT WATSON'S ESTATE.

CITY OF PITTSBURGH *v.* ROBERT COWARD.

CITY OF PITTSBURGH *v.* GEORGE MOFFATT.