# Shannon et al. *v.* Broadbent et al., Appellants.

# Shannon et al. *v.* McDuffee et al., Appellants.

[Marked to be reported.]

*Mechanic's lien—Apportioned claim—Six months—Affidavit of defence.*

An affidavit of defence to a sci. fa. on an apportioned mechanic's claim which alleges that the materials for which the lien is claimed were not furnished to the house in question within six months before the claim was filed, and were furnished more than six months before that time, is sufficient to prevent judgment.

Such an averment takes away the prima facies of the claim and makes it necessary to know the whole of the facts as to the time and circumstances of delivery, before the question of ultimate liability can be determined.

While the case of Wilson v. Forder, 30 Pa. 129, decided that, in the case of an apportioned lien, it is necessary that work shall have been done or materials furnished to the particular house in question within six months of the filing of the claim, and that case does not appear to have been overruled, the Supreme Court will not consider this question upon a mere motion for judgment for want of a sufficient affidavit of defence.

*Specification of materials furnished each house.*

Besides the defence above referred to, the affidavit in this case also alleged that it was not impossible for the claimants to have specified the items furnished for the house in question, but that they could readily have specified and itemized the same; also that the claim did not properly and

sufficiently set forth the amount of material furnished and the amount or the sum claimed to be due: *Held*, that the court would not pass upon these questions without a jury trial.

Argued Jan. 10, 1894. Appeals, Nos. 170 and 171, July T., 1893, by defendants, Owen L. Broadbent and wife, owners, and John I. McDuffee, contractor; and by John I. McDuffee, owner and contractor, and Jennie Keaggy, intervening owner, from judgments of C. P. No. 4, Phila. Co., June T., 1891, Nos. 1101, 1102, M. L. D., for want of sufficient affidavits of defence, in favor of J. Jacob Shannon and William F. Brown, trading as J. Jacob Shannon & Co. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rules for judgment for want of sufficient affidavits of defence in sci. fas. sur apportioned mechanics' claims.

A bill of particulars was annexed to each claim showing items of hardware with prices, charged from May 29, 1890, to May 18, 1891. Both of the claims were filed Sept. 18, 1891. At the end of the bill of particulars was a note stating that the materials mentioned therein were furnished for and used about the joint construction of the building in question and eight other buildings, parts of the same operation. The aggregate amount of the bill of particulars was $1,058.88; and the amount apportioned on the Broadbent house was $140.72, and on the other house, $118.16. The Broadbent house was 22 feet wide, the other 17 feet.

The affidavits of defence in each case set up the first two following defences; and in the first case, the third defence also :

" 1. Deponent is informed and believes, and expects to be able to prove, that the claimants furnished no materials of the nature and kind in said claim mentioned, namely, hardware, for and towards the erection and construction of the said house against which the said claim is filed, described in the said claim and the scire facias issued thereon, within six months of the time of the filing of said claim, but that the said hardware and materials were furnished for and towards the erection and construction of said house described in said claim and in the scire facias as aforesaid more than six months prior to the filing of said claim, to wit, before the first day of January, A. D. 1891.

" 2. For a further defence deponent is informed and believes, and expects to be able to prove, that it was not impossible for claimants to specify in the claim filed the several and respective items of claimants' demand, which were found and provided for the said dwelling house, against which the said claim is filed, described in said claim and the scire facias issued thereon, but, on the contrary, the said claimants can readily specify, individuate and itemize the kind and amount of materials furnished, and the time when the said materials were furnished to the said house against which the said claim is filed; that the said claim is therefore invalid and illegal, and no recovery can be had upon it.

" 3. For a further defence deponent is informed and believes, and expects to be able to prove, that said claim does not properly and sufficiently set forth the amount of materials furnished to the dwelling houses against which it is filed and the amount or sum claimed to be due for the same, as required by section 12 of the act of 1836."

Rules for judgment absolute. Defendants appealed.

*Errors assigned* were the entry of judgments as above.

*John Cromwell Bell*, for appellants.—Each house must stand on its own bottom, and be answerable for the debts of its own construction ; and the claim must be filed within six months of the time materials had been furnished to or work done on any particular house : Act of June .16, 1836, §§ 1, 12, 14, P. L. 696.

The claimant is obliged to set out all the requirements of the act particularly : Gorgas v. Douglas, 6 S. & R. 521 ; Lee v. Burke, 66 Pa. 339 ; Russell v. Bell, 44 Pa. 47 ; Rush v. Able, 90 Pa. 156 ; Brown v. Myers, 145 Pa. 17 ; Gray v. Dick, 97 Pa. 146.

The question has been expressly decided in Wilson v. Forder, 30 Pa. 129 ; see also Pennock v. Hoover, 5 Rawle, 313.

The act of April 14, 1855, § 2, P. L. 238, was only passed to give him who furnished materials to a single building, from time to time as ordered, the same right of lien as if the materials had been furnished under a contract to deliver the whole : Singerly v. Doerr, 62 Pa. 12 ; Diller v. Burger, 68 Pa. 433 ; Hofer's Ap., 116 Pa. 360.

The practice, under the acts of 1831 and 1836 of separately describing each house and issuing a separate sci. fa. against each house (as required by Barnes v. Wright, 2 Whart. 193, and Jones v. Shawban, 4 W. & S. 257, modifying Pennock v. Hoover, 5 Rawle, 291, as explained in Goepp v. Gartiser, 35 Pa. 132), negatives the idea of a reciprocal or interchangeable liability for materials furnished to several houses.

Joint apportioned liens may now be filed against many houses of different sizes and in different rows: Taylor v. Montgomery, 20 Pa. 443; Fitzpatrick v. Allen, 80 Pa. 292; Kline's Ap., 93 Pa. 422; Shoemaker v. Atkinson, 151 Pa. 153. It is unreasonable to require a purchaser to do more than ascertain that his particular house has been finished six months.

The act of March 30, 1831, § 4, P. L. 243, authorizes apportioned claims only where it is impossible to specify the particular house for which the several items were found and provided: Lee v. Burke, 66 Pa. 339, and cases cited, supra. This impossibility was denied by the affidavit of defence.

The affidavit of Mrs. Broadbent sets up the defence that the claim does not properly set forth the amount of materials and the amount or sum claimed to be due for the same, as required by § 12 of the act of 1836. This requirement is important: Lee v. Burke, 66 Pa. 339; Gray v. Dick, 97 Pa. 146; Hill v. Witmer, 2 Phila. 272; Brown v. Myers, 145 Pa. 17; Shields v. Garrett, 5 W. N. 120; Rush v. Able, 90 Pa. 156; Noll v. Swineford, 6 Pa. 187; Singerly v. Cawley, 26 Pa. 248; Russel v. Wright, 44 Pa. 53. The sum of $140.72 is not an equal apportionment pro rata of $1,058.88, but an arbitrary proportion thereof, with no individuation or specifications of the materials making up the same. The law is against such " guesses: " Shultz v. Asay, 10 W. N. 33; affirmed in 11 W. N. 195.

*Charles Henry Hart*, for appellees.—The claims in this case were filed with special reference to Davis v. Farr, 13 Pa. 167, and acts of March 30, 1831, P. L. 243; June 16, 1836, §§ 12, 13, 14, P. L. 698; April 14, 1855, P. L. 238.

An operation consisting of a number of adjoining properties erected at one time, is, under the mechanic's lien law, but one building: Pennock v. Hoover, 5 R. 339; Young v. Chambers, 15 Pa. 267; Goepp v. Gartiser, 35 Pa. 133; 15 A. & E. Ency.

L. 120; Phillips on Mechanics' Liens, § 376; Johnson on Mechanics' Liens, § 244, n. 42; Nelson v. Campbell, 28 Pa. 156.

The real issue in Wilson v. Forder, 30 Pa. 129, was whether or not there was any sufficient evidence that the last work was done in pursuance of a special contract for a stipulated price. All that was said on the present question was obiter dicta. It has never been followed or cited as to the obiter dicta. The decisions are all against such dicta: Bartlet v. Kingan, 19 Pa. 343; Parrish and Hazzard's Ap., 83 Pa. 111; Yeasley v. Flanigan, 22 Pa. 489; Bosh v. Tener, 1 Penny. 22; Brick Co. v. Norton, 2 Dist. R. 559. Moreover, the lien in Wilson v. Forder was filed Feb. 11, 1855, two months before the act of April 14, 1855, became a law. The act of 1855 is to be given the same broad interpretation as every other act upon the subject: Hofer's Ap., 116 Pa. 364; Davey v. Ruffel, 3 Dist. Rep. 75; Young v. Chambers, 15 Pa. 267.

The material man cannot know into which house any particular material goes. If delivered, his lien attaches whether the materials are used in the operation or not: Odd Fellows Hall v. Masser, 24 Pa. 507; Singerly v. Doerr, 62 Pa. 9.

As to the validity of apportioned liens, see Moore v. Forrest Mansion, 3 W. N. 289; Fitzpatrick v. Allen, 80 Pa. 292; Liebeit v. King, 21 Pitts. L. J. 144; Maxwell v. Kaighn, 4 W. N. 108; O'Donnell v. Bleim, 3 W. N. 432; Armbrust v. Galloway, 2 W. N. 585; Hill v. Stevenson, 1 Del. Co. R. 19; Schultz v. Asay, 2 Penny. 416; Millett v. Allen, 3 W. N. 374.

Apportionment does not mean an equal division, and whether or not the apportionment was properly made is for the jury: Davis v. Farr, 13 Pa. 167; Rush v. Bank, 2 W. N. 263.

OPINION BY MR. JUSTICE GREEN, July 11, 1894:

The affidavit of defence alleges that the materials, for which the lien in this case was filed, were not furnished within six months before the lien was filed and were furnished more than six months before that time.

Although the claim is upon an apportioned lien, this averment takes away the prima facies of the claim and makes it necessary to know the whole of the facts as to the time and circumstances of delivery before the question of ultimate liability can be properly determined. It is contended by the appellees

that, being an apportioned lien, it is good against all the houses for six months after the last house was finished, although the particular house in question may have been finished long before. The case of Wilson v. Forder, 30 Pa. 129, decides against this proposition, and although counsel for the appellees treat that decision as if it were nugatory, we do not find that it has ever been overruled, and we are not referred to any case in which the same question has been decided in opposition to it. We do not propose to decide that or any of the other questions discussed in the paper-books, upon a mere motion for judgment for want of a sufficient affidavit of defence. It is highly necessary that the precise facts should be known and appear upon the record in order to intelligently decide upon the several questions arising, and for that purpose the case must be sent to a jury and regularly tried on all its merits.

Judgment reversed and procedendo awarded.

See also the next case.