The City of Philadelphia, to the use of the Vulcanite Paving Company, Appellant, *v.* Emily L. Beatty, wife of Thomas Beatty.

*Municipal lien—Frontage as unit for computation of six months' limit.*

The true intent and meaning of section 2 of the Act of April 16, 1845, P. L. 488, is that the lien must be filed within six months from the time the work is done in front of the premises intended to be liened.

The contract to pave between two certain points however distant is an

entirety between the contractor and the city, but when the city seeks to proceed against the property for work done and material furnished the frontage becomes the unit for the computation of time between the city and the property owner.

A lien is bad which is entered six months after the work was completed in front of the property although the entire work provided for by the contract was not finished until a date within six months.

Argued Oct. 6, 1898. Appeal, No. 37, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1895, No. 135, M. L. D. in favor of defendant non obstante veredicto. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Sci. fa. sur municipal claim. Before WILLSON, J.

It appears from the record that a municipal claim for paving for $458.94 was filed against a lot of ground on north side of Montgomery avenue west from Thirty-first street and by agreement of parties it appears that the paving under the contract in question of the square in which defendant's property was located was finished more than six months before the filing of the lien, but that the entire work provided for by the contract was not finished until a date within six months, and that the portion that was not finished until within six months was between Thirty-first street and Sedgley avenue.

Judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* among others was (2) in not entering judgment on the verdict in favor of the plaintiff on the point reserved, which point is as follows : " Whether the work in front of the defendant's premises having been done under an entire contract for paving Montgomery avenue from Thirty-third street to Sedgley avenue the right of lien continued until within six months after the completion of the entire contract."

*Henry F. Walton*, with him *John K. Andre*, for appellant.— The authority to file liens in Philadelphia is conferred by the Act of April 16, 1840, P. L. 410, sec. 9 : Act of April 16, 1845, P. L. 488.

The contract to pave the street in question between two given points is an entirety. It provides for the construction of

an artificial roadbed without any reference to the lots or blocks abutting the highway. It stands as a unit and cannot be divided into as many parts as there are lots or pieces of ground bounded by the street. A reasonable interpretation of the statute which provides for the filing of the lien within six months from the time of the doing of the work is to compute the time from the date when the work to be performed under the entire contract is completed. Such a construction does not cause any hardship to the owners of the property.

On the contrary it would be a hardship imposed on the owner to require him to pay assessment bills as soon as the work was done in front of his land and before the entire improvement was finished. It is also submitted that the construction placed on the statute by the appellant would not be " an unnecessary cause of embarrassment and complication to ownership and transmission of properties." By examining the street on which the purchaser wishes to buy property, its condition can be ascertained. The ordinance authorizing the work and the contract for its performance are always open to the inspection of those interested in real estate, therefore by ordinary vigilance conveyances could be made without any liability for hidden liens for street improvements.

Computing the time from the date when the different portions of the roadway are finished in front of the respective properties, would impose upon the contractor and the department of public works the necessity of keeping a record of as many dates as there are days occupied in performing the work. This plan would operate as a hardship on both the contractor and the city.

The appellant's contention is sustained in the case of Pittsburg v. Knowlson, 92 Pa. 116. This was a scire facias sur municipal lien for grading and paving.

As no liability is imposed upon the owners of property for the payment of such a tax until the completion of the entire improvement, it necessarily follows that the date of the completion of the whole improvement fixes the date from which the six months for the filing of the lien runs.

*J. Martin Rommel,* for appellee.—The system of filing municipal liens is very similar to that of mechanics' liens, although

the latter are based upon contract, while the former are based upon taxing power, and are independent of contract or the consent of the owner : Wilson v. Forder, 30 Pa. 129; Shannon v. Broadbent, 162 Pa. 194.

As the law, therefore, at the present time exists in this state, even an apportioned lien cannot be maintained against a property, unless work has been done upon that particular property within six months of filing of the claim.

The right of lien is purely statutory, and, therefore, should not be construed as extending any further than is clearly and expressly conferred by the statute under which the lien is filed. It is certainly not imposing any hardship upon the city or its contractors, to whose use the liens are marked, to require that the same shall be filed within six months from the time of the doing of the work upon the particular property against which the lien is filed. It is certainly much less of a hardship to require that the contractor shall keep a record of the dates when the work in front of each particular property is finished, than that the purchaser of a property should be burdened with the duty of first searching for and examining all the ordinances under which municipal improvements in front of a property have been made, and then endeavoring to ascertain whether all of those improvements have been fully and completely carried out, or whether some small portion still remains unfinished which might sustain a right of lien against the property for years after the work in front of it has been completed.

OPINION BY ORLADY, J., January 18, 1899 :

A municipal lien of $458.94 was filed by the city of Philadelphia to the use of the Vulcanite Paving Company, contractor, against the defendant for work done and materials furnished in paving the cartway on Montgomery street in front of the defendant's premises. On the trial of the scire facias it was agreed that the paving under the contract, in the square in which the defendant's property is located, was finished more than six months before the filing of the lien, but that the entire work provided for by the contract was not finished until a date within six months. The court directed the jury to return a verdict for the amount claimed, and reserved the question as to whether or not, under the facts, the lien was saved, and subse-

quently entered judgment in favor of the defendant non obstante veredicto.

It is admitted that the lien in this case was regular in form, filed pursuant to statutory authority; that the amount claimed was correct, and that the work done was of a satisfactory character. The sole defense is that the lien was not filed in time. It appears that the city of Philadelphia, by an ordinance of its councils, entered into a contract with the Vulcanite Paving Company to pave Montgomery street from Thirty-third street to Sedgley avenue with street asphaltum with a bituminous base foundation, and that the defendant's property is situated on the northwest corner of Montgomery street and Thirty-first street. The work done under this contract, in front of the defendant's property, was completed in November or December of 1894 and this lien was filed on August 9, 1895, though the work on the whole contract was not completed until March 22, 1895.

By the ninth section of the Act of April 16, 1840, P. L. 410, there is no limitation as to the time when the lien shall be filed, but by section 2 of the Act of April 16, 1845, P. L. 488, it is provided that "no debt, charge or assessment, for work hereafter done or materials furnished by or under the authority of . . . . or any municipal corporation, shall be a lien on real estate for more than six months from the time of doing such work, unless a claim for the same shall be filed in the office of the prothonotary of the proper court, within that time nor shall the same continue a lien longer than five years from the time of filing the claim, unless revived by scire facias in the manner provided by law in the case of mechanics' claims." The proceeding is dependent entirely upon statutory authority, and, to secure the benefits of the special lien, the claimant must conform to the requirements of the statute. To hold that the lien need not be filed until within six months after the entire contract is completed would practically annul the provisions of the act of 1845, and make the time of filing the lien so indefinite as to require, in addition to an examination of the property, the title and incumbrances thereon, and a search of contracts for municipal improvements, which might be unfinished for years after the work done in front of a particular property had been completed. The property owner is asked to pay, in the lien filed in this case, "for work done and materials furnished within six months last

past in paving the cartway on Montgomery street in front of said lot of ground and premises." He is not a party to the contract with the city, he is not consulted as to the manner of performance, the cost, nor the length of the street to which the paving is to be applied. It may be confined to the square or block in which his property is located, or it may extend a mile beyond it. He may or may not agree to the improvement and his property is liable without his assent, only when the lien is filed with statutory exactness. To be indefinite and uncertain until a contractor had fully completed his contract with the city might in many cases seriously disturb values. Councils might decide to enlarge the time for performance of the contract, or abandon it entirely after a particular point was passed; the contractor might fail or die, and, on appellant's contention the owner would be subjected to the risks and inconveniences flowing from the above or similiar exigencies. The contract to pave between two certain points, however distant, is an entirety between the city and the contractor, but when the city seeks to proceed against the property for work done and materials, that frontage becomes the unit for the computation of time between the city and the property owner. This imposes no hardship on the city, as it has full control of the work and can as readily determine the date when the work is completed, as the cost of doing it. The City of Pittsburg v. Knowlson, 92 Pa. 116 does not conflict with the construction given this statute. The question presented for our consideration was not before the Supreme Court in that case, and was not decided. In the act of assembly under which that case arose it is provided, section 19, "The assessments authorized by this act shall be liens upon the properties assessed, from the commencement of the improvements for which they were made and shall, if filed within six months after the completion of said improvements, continue liens," etc., which is very different from the act of April 16, 1845. The analogous cases of mechanics' liens have received a construction similar to the one herein given : Britton v. Philadelphia, 32 Pa. 387 ; Shannon v. Broadbent, 162 Pa. 194. The true intent and meaning of section 2 of the act of April 16, 1845, is that the lien must be filed within six months from the time the work is done in front of the premises intended to be liened and the judgment is affirmed.