## Philadelphia v. Hey, Appellant.

*Municipal liens—Continuance of lien—Acts of April* 16, 1845, *P. L.* 488 *and July* 26, 1897, *P. L.* 420.

Where assessments for municipal improvements were made on May 12, 1894, which was within six months from the completion of the entire work, and the claims for such assessments were filed on November 12, 1894, such claims, although they had expired and lost their vitality under the Act of April 16, 1845, P. L. 488, were revived and made operative by the provisions of the Act of July 26, 1897, P. L. 420.

*Municipal lien—City of Philadelphia—Act of July* 26, 1897, *P. L.* 420.

The act of July 26, 1897, relating to municipal liens, applies to the city of Philadelphia.

Argued Dec. 11, 1901. Appeal, No. 186, Oct. T., 1901, by defendants, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1894, No. 1743, M. L. D., on verdict for plaintiff in case of City of Philadelphia v. Richard Hey et al. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur municipal lien.
Motion for judgment on point reserved.

WILLSON, J., filed the following opinion :
These cases all grew out of the construction by the city of a

sewer on Main street, from Schur's lane to Ridge avenue. The contract for the construction of the sewer was made on August 19, 1893. That portion of it which was in front of the properties of the defendants Athow, Ball and the heirs of Righter, was finished on November 11, 1893, and the part in front of the properties of the other defendants was finished on May 4, 1894. The assessment bills as to each of the properties was made on May 12, 1894, and the claims for the amount of the bill in each case were filed in this court on November 12, 1894. The writs of scire facias on each were issued on November 11, 1899. The cases came to trial on October 2, 1900, and verdicts were directed for the plaintiff under the following agreement:

" And now, to wit: October 3, 1900, after the evidence had been submitted, the parties agreed that the court direct a verdict for the plaintiff in each of the twelve cases for the full amount of the claims with interest, subject to the opinion of the court upon the following reserved point:

" That the sewer was constructed on Main street in front of the properties of the defendants, Hannah Athow, Henry C. Ball et al., and heirs of Michael Righter, on November 11, 1893, and in front of the properties of the other defendants on May 4, 1894, and the final completion of the sewer from Ridge avenue to Schur's lane was on May 4, 1894. That the contract for the construction of the sewer was made August 19, 1893, and it was designated as being on Main street, from Schur's lane to Ridge avenue.

" That the assessments were made for the cost of the construction of the sewer on May 12, 1894. That the claims for the assessment were filed on November 12, 1894. The parties agree that the above facts were proven, and consent to the court reserving the point whether, under the facts above stated, the plaintiff is entitled to recover. The ordinances offered in evidence and the special acts of assembly, and the contract for the construction of the sewer to be a part of the reserved point. This agreement and reservation to apply to all of the cases as if made a part of the record of each."

If the law to be applied in determining whether or not the claims filed by the city are valid be that which is contained in the Act of April 16, 1845, P. L. 488, then none of these claims

can be regarded as of value, under Phila. to use v. Beatty, 9
Pa. Superior Ct. 255, for the reason that the claims were not
filed within six months from the time of doing the work in
front of the properties in question.   If, however, the Act of
July 26, 1897, P. L. 420, is applicable, then, certainly, they
would seem to be good.   The act of 1897 makes valid claims
filed in the office of the prothonotary "within six months from
the making or confirmation of any assessment . . . . whether
said assessment shall shall have been made by foot-front rule or
according to benefits."   It was provided, however, " that assess-
ments under the foot-front rule shall have been made or con-
firmed within six months after the completion of the work."
By the expression, "the completion of the work," we under-
stand is meant completion of the whole work covered by the
contract, and not such portion of it as was in front of the in-
dividual properties.   The effect of this, it is obvious, was in-
tended to be that the time within which it is possible that the
city can file a valid claim should be a year from the completion
of an entire contract.   That the act of 1897 is applicable to the
city of Philadelphia in cases which fall within its proper ap-
plication, can no longer be questioned, in view of the decision
of the Supreme Court in Dick v. Philadelphia, 197 Pa. 467, a
case which went up from this court.

It is, however, contended on the part of the defendants that
the act just referred to should not be regarded as controlling
the situation in these cases, for the reason that, if it were, it
would be retroactive in its character and therefore invalid.   It
cannot, however, be contended that the legislature has no au-
thority to enact statutes which would be applicable even to the
case of liens, like those which are involved in the present con-
troversy.   Such cases as the City of Chester v. Black, 132 Pa.
568, and Donley v. City of Pittsburg, 147 Pa. 348, appear to
settle, beyond the possibility of successful controversy, that
legislation of that character is valid and constitutional.   The
act of 1897 provides : " That all municipal claims, where the
same are the final assessments made upon any property or prop-
erties to pay the costs, expenses or damages, or either of them,
of any municipal improvements in any city, borough, township
or other municipal division of the state, which have been here-
tofore, or which shall hereafter be filed in the office of the pro-

thonotary of the court of common pleas in the proper county as liens," if made according to the provisions of the law, "shall be and continue to be and remain liens on the respective properties until fully paid and satisfied." It was thus enacted that all such claims as were filed before the passage of the statute were within its provisions and were validated. Interpreting the act, we should say that it was not intended to carry its operation back indefinitely for the purpose of generally reviving liens which had lost their hold upon properties against which claims had been filed, but only to operate upon cases which were then alive, cases where the liens were still in existence under the definition and requirements contained in the terms of the statute. To give to the law any larger scope than this would be to work great injustice, and such a construction seems to us not to be necessary. In order to determine whether or not a claim or lien was alive at the time when the statute went into effect, it would be necessary to ascertain whether or not the assessment had been made or confirmed within six months from the completion of the entire work; and, also, whether or not the claims had been filed within six months from the making or confirmation of such assessment; and, also, in our judgment, it would be necessary, in case a lien had been filed as long as five years before the passage of the act in question, that it should have been kept alive by the issuance of a writ of scire facias. In the cases which are before the court, however, the latter question would not be of any moment. The assessments were made within eight days of the completion of the work, and the claims were filed within six months from the date of the assessment.

All the requirements of the act of 1897 were, therefore, complied with, and notwithstanding the fact that, under the law as it existed previously to the passage of that act, the liens had expired and lost their vitality, we must, for the reasons stated, come to the conclusion that they were revived and made operative by the provisions of the act of 1897. It necessarily follows that a new trial in these cases must be refused, and judgments entered upon the verdicts in favor of the plaintiff.

On reargument WILLSON, J., filed the following opinion:

In the opinion previously filed (10 Pa. Dist. Rep. 187), the

only reason given for holding that the Act of July 26, 1897, P. L. 420, was applicable to these cases was that the Supreme Court had decided in Dick v. Philadelphia that the statute is operative in this city.   In view, however, of the fact that that case, as finally reported (197 Pa. 467), expresses no opinion upon the subject, it becomes necessary for us to consider it as an original question.   To aid us in so doing, we have had a reargument of the point.

It is needless to say that our duty is simply to put a fair and reasonable construction upon the statute.   No doubt, if it applies to the city of Philadelphia, it will introduce new methods and limitations of time affecting municipal claims, which will probably not be regarded as desirable by those who deal in, or lend money upon, real estate.   Such considerations, however, cannot have any proper bearing upon the question, in case the only natural and reasonable interpretation of its provisions is such as will make the statute operative in all the municipalities of the commonwealth.

After a careful examination of its terms, with somewhat of a disposition, it may be admitted, to come to a different conclusion, we have reached the opinion that we must regard the statute as intended to apply to municipal claims of all kinds throughout the whole state.   To hold otherwise, in our judgment, would twist the law out of its true meaning and bearings.

It is argued, on behalf of the property owners, that the statute was only intended to apply to municipal districts other than cities of the first class, but we cannot adopt that view. When the legislature enacted that " all municipal claims, when the same are the final assessments  .   .   .   .   in any city, borough, township or other municipal division of the state," should have a certain effect, it used the most comprehensive language possible to describe the territory intended to be covered.   Such sweeping language leaves no room for excluding cities of the first class.   But it is said, in argument, that the provisions of the act relative to assessments are not germane to any condition of affairs existing in this city, but are applicable only to cities and boroughs in which assessments are made, subject to a right on the part of the property owner to object to the same and to be heard before some tribunal upon his ob-

jection. It is contended that, for this reason, the statute should be limited in its application exclusively to municipal divisions wherein such proceedings are provided for. The argument will not, however, stand the test of examination.

In the first place, it should be noted that "all municipal claims .... in any city, .... filed .... within six months from the making .... of any assessment," are covered by the scope of the law. Such language cannot be regarded as inappropriate to describe an ordinary condition of affairs in respect of such claims in Philadelphia. On the contrary, it is very apt. No straining is needed to make it apply to actual conditions. Besides this, the application is made closer by the clause, showing that the legislature had in view assessments "made by the foot-front rule or according to benefits." The foot-front rule is the ordinary standard upon which municipal officers in this city make their assessments. It may be true, as argued, that the same rule exists in localities where the property owner has the right of objection or appeal, but that constitutes no reason why language of general operation should be limited to one class of cases, exclusive of another to which it is just as appropriate.

Assessments are made in all municipalities, including cities of the first class. In some they are fixed and arbitrary; in others they are determined by standards of cost, value or benefits.

In all cases, the statute seems to have been intended to give to such assessments, when final, an indefinite life, provided certain steps should be taken, which it is not necessary to enumerate. The intention, whatever it may have been, was embodied in a statute not only general in form, but made doubly so in effect by words that apparently leave no loophole through which any municipality can escape.

Upon the grounds thus stated, we base the conclusion previously expressed, viz: that the act of 1897 is applicable to this city and to the cases in hand.

With reference to the retroactive bearing of the statute, we desire only to add that legislation of that character is not necessarily beyond the power of the legislature: Grim v. Weissenberg School District, 57 Pa. 433. In matters of taxation, under which class most municipal claims are to be grouped, this

486 PHILADELPHIA *v.* HEY, Appellant.

Opinion of Court below—Opinion of the Court. [20 Pa. Superior Ct.

is pre-eminently true. Whether the statute under discussion would be allowed to have a retroactive application in cases where a bona fide purchaser had acquired title to property after the lien had expired under previously existing laws, is a question which does not arise in the cases now before us. We should hesitate before adopting such a view.

From what has been stated, it follows that the judgments heretofore entered in these cases must stand, and we so order.

*Error assigned* was in entering judgment for plaintiff on the point reserved.

*L. H. R. Nyce* and *Alfred R. Haig*, for appellants.

*James Alcorn*, assistant city solicitor, with him *David Lavis* and *John L. Kinsey*, city solicitors, for appellee.

PER CURIAM, July 10, 1902:

We are of the opinion that the questions raised on the argument of this appeal, as well as the appeal of City of Philadelphia v. Hannah Athow et al., No. 187, October term, 1901, were correctly decided by the court below. The cases are controlled by the Act of July 26, 1897, P. L. 420, and not by the Act of April 16, 1845, P. L. 488, which alone was construed in the case of Philadelphia v. Beatty, 9 Pa. Superior Ct. 255. The judgments are sustained by the clear and satisfactory opinions of the court below in which we concur.

Judgment affirmed.