## McKnight et al. *versus* City of Pittsburgh.

1. Where a city engineer is directed to let a contract for the paving of a street, if there has been no previously established grade, the engineer may himself adopt one.

2. But where there is a grade already established by ordinance, and the engineer disregards it and adopts another, the city may repudiate the act of the engineer and avoid the contract. If, however, the city adopts such irregular grade and accepts the work, no third person can intervene to avoid the contract.

3. The appellant made no objection to the grade or the work as it progressed. The work was undertaken at her instance, among others, and for the benefit of her property, and her agents aided the contractor in hauling and furnishing material. *Held,* that she was estopped from controverting the acts of the city and its contractor, even though the contract under which the grading was done was void for want of power in the city to execute it. Bidwell *v.* City of Pittsburgh, 4 Norris 412, followed. Addis *v.* City of Pittsburgh, 4 Norris 379, distinguished.

October 7th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1878, No. 197.

Scire facias sur municipal claim by the City of Pittsburgh against Robert McKnight and William M. Paxton, executors of Mrs. E. F. Denny, for grading and paving Ridge street, in the city of Pittsburgh.

On the 25th of June 1874, an ordinance was passed directing the grading, paving and curbing of said street, according to the provisions of the Act of Assembly of January 6th 1864, Pamph. L. 1131, and its several supplements. On the 7th of December 1874,

10 NORRIS—18

the councils of the city of Pittsburgh passed an ordinance fixing the grade of the street. On the 17th of May 1875, the contract for the grading, paving and curbing of Ridge street was let, by the engineer of the city of Pittsburgh, to one Johnson, who did part of the work in the fall of that year, and completed it in the spring and summer of 1876. The work was approved by the city engineer, and by him accepted on October 25th 1876, and an assessment was on the same day ordered by the city councils. The city engineer prepared a plan and profile of the street, indicating the natural surface, and the grade on which the work was let, and according to which it was finished substantially. That grade was not the grade of the ordinance of the 7th of December 1874. After the work was completed, the councils, by ordinance of 13th November 1876, fixed and established the grade to correspond with the grade as constructed. The assessments were ordered before, but not actually made till after the passage of this ordinance.

The court, White, J., instructed the jury that the change of grade from the ordinance of December 7th 1874 was not so irregular as to defeat the right of the city to recover the assessments. This was assigned for error by the executors of Mrs. Denny, who took this writ.

*R. B. Carnahan,* for plaintiffs in error.—This case is ruled by the Addis *v.* City of Pittsburgh, 4 Norris 379. The city engineer had no authority to establish a grade wholly different from the natural grade and from that prescribed by the ordinance.

*T. S. Bigelow, W. W. Thomson* and *S. H. Geyer,* for defendant in error.—Municipal corporations may adopt the unauthorized acts of their agents, and owners of property cannot be allowed to dispute them : City of Philadelphia *v.* Burgin, 14 Wright 545; City of Philadelphia *v.* Brooke, 31 P. F. Smith 26 ; Hutchinson *v.* City of Pittsburgh, 22 Id. 325; Kelsey *v.* National Bank of Crawford County, 19 Id. 429 ; Gordon *v.* Preston, 1 Watts 385. Addis *v.* Pittsburgh, *supra,* is distinguishable from this case.

Mr. Justice GORDON delivered the opinion of the court, October 27th 1879.

It is not open to question but that the rule insisted upon by the counsel for the plaintiffs in error, that a municipal corporation, in the grading and paving of its streets, must conform strictly to the power conferred upon it by the legislature, is correct. This question, however, is not involved in this case, for about the power of the city councils to order the grading and paving of the street, which is the subject of the present controversy, there is not the least doubt. By the Act of January 6th 1864, they were empowered to grade or regrade, pave or repave or macadamize any street,

[McKnight *v.* City of Pittsburgh.]

lane or alley within the city. Their powers are therefore ample, and the time when and the order in which these powers may be exercised rests in their discretion. Such being the case, it follows that their order to the city officers to do any particular act, which they themselves are empowered to do, necessarily implies all powers necessary for the proper execution of such order. Hence, where the engineer is directed to let a contract for the paving of a street, if there has been no previously established grade, the engineer may himself adopt one, for ordinarily grading is a precedent necessity to paving. In fact, at the time of the adoption of the ordinance for the grading and paving of Ridge street, there was no established grade; nevertheless, the city engineer was ordered to advertise for proposals; but as bids could not be intelligently made without surveys, plans and grades for the work proposed, we must presume that the ordinance empowered him to do these things, without which the intended work could not be accomplished. Were there, then, nothing more, this case would present no difficulty, for the act of the city engineer in the adoption of a grade for the street in question must be taken as the act of the councils. The difficulty, however, is found in the fact that between the time of the making of the ordinance and the letting of the contract a grade for Ridge street was adopted by the proper authorities. Such being the case, the engineer exceeded his authority when he disregarded that grade and adopted a new one, and the city, at any time before the adoption by it of the work done by the contractor, might have repudiated the act of its engineer and avoided the contract. But it could not do this after such adoption; for, as in the case of a private person, it having the power to contract, the power to adopt a contract made for its benefit is necessarily involved in the original power. It is indeed but a question of power that we have to consider; that being determined, all is determined. Hence, we repeat, the city having the undisputed power to establish grades, and to make contracts for paving, the correlative power of adopting grades and contracts, made by its officers for its own benefit, necessarily follows.

In this the case is wholly unlike Addis *v.* The City of Pittsburgh, 4 Norris 379; for there it was held that neither the city nor its officer had the power which he attempted to exercise, to wit, the power to make an agreement for paving and grading on the rule of a *quantum meruit;* hence, such an agreement was held to be void and not binding upon the city.

In the case in hand, there is no question as to the power of the councils to have made just such a contract as was made. The only irregularity occurred in the adoption by the engineer of a grade different from that ordained by the ordinance of December 7th 1874; everything else was regular, and when the irregular grade was subsequently adopted, and the work which was done under the

contract approved and accepted by the city, the party having the full power so to do, we cannot understand how any third person or persons can be permitted to intervene to destroy a contract so made and approved.

Furthermore, there was no objection made by Mrs. Denny or her representatives to the grade, or to the work during its progress. This work was undertaken at her instance, among others, and for the benefit of her property, and her agents actively aided the contractor by hauling for him and furnishing material. Under such circumstances, she was, and consequently her representatives now are, estopped from controverting the acts of the city and its contractor, even though the fact had been that the contract under which the grading and paving was done was void, for want of power in the city to execute it : Bidwell *v.* The City of Pittsburgh, 4 Norris 412.

The judgment is affirmed.