## Brientnall *versus* City of Philadelphia, to use.

1. In an action upon a municipal claim filed by the City of Philadelphia to the use of the contractor, the defendant cannot inquire into the validity of the contract betwen the legal and equitable plaintiffs. Evidence is therefore inadmissible to show that the provisions of the ordinance authorizing the construction of the sewer, which required bids to be advertised for, were not complied with.

2. Under the Act of April 19th 1843, § 1, Purd. Dig. 1089, the defendant in an action of scire facias sur municipal claim, for work done in building a sewer, cannot show that no application for the proposed work was made by the owners of property fronting thereon, or that the work done did not benefit his premises. The city councils are the sole judges of the expediency of the work.

March 29th 1883.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN and CLARK, JJ.   STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Philadelphia county :* Of January Term 1883, No. 284.

This was a scire facias sur municipal claim filed by the city of Philadelphia to the use of Joseph D. Maull against Thomas Brientnall, to recover for work, materials, &c., employed in the construction of a culvert in Market street, Philadelphia, extending from its intersection with Thirty-third street eastward 233 feet, 9 inches.

The defendant pleaded nil debet, payment with leave, &c., and, specially, inter alia :

3. That the application for the construction of the sewer was not made by the owners of property fronting thereon as required by the ordinance of May 12th 1866.

5. That the said sewer is of no value to any land of the said defendant situate on the line thereof.

6. That by the ordinance of May 9th 1877, under the authority of which the sewer was constructed, the chief commissioner of highways was required to advertise for bids therefor, and allot the contract to the lowest bidder and that this ordinance was not complied with.

To these pleas the plaintiff demurred and the court, after argument, sustained the demurrer.

At the trial, upon the issues formed, the claimant read in evidence the ordinance of councils approved May 9th 1877 (Ord. p. 98), "that the department of highways be and is hereby authorized to construct the following sewers, viz.: . . . on Market street from Thirty-third street 270 feet eastward. . . . The chief commissioner of highways shall advertise according to law, announcing that bids will be received for the sewers above designated and he shall allot them to the lowest bidders."

The claim on which the scire facias was issued was then

[Brientnall *v.* City of Philadelphia.]

offered in evidence and the use plaintiff testified that the work was done and the materials were furnished and that the price mentioned was their just value.

The defendant offered no evidence, but requested the court to instruct the jury to find a verdict for the defendant. The court refused so to charge, and instructed the jury, if they believed the evidence, to find a verdict for the plaintiff.

Verdict for plaintiff for $376.81, and judgment thereon, whereupon defendant took this writ, assigning for error, inter alia, the refusal of the court to instruct the jury as requested, the charge of the court as above noted, and the entry of judgment for plaintiff upon the demurrer to the above special pleas.

*Henry C. Brown,* for plaintiff in error.—The defendant has the same right to inquire into the validity of the contract, that the city would have if sued, because he is the party ultimately liable. If the plaintiff has a valid contract he should show it. If he has not, he has no right to recover. The Act of April 19th 1843, § 1, Br. Purd. 1089, relied upon, does not exclude this defence. The authority of the city is still open to question: Kensington *v.* Keith, 2 Barr 218; City *v.* Walter, 39 Leg. Int. 42. Moreover, the Act only applies to " the incorporated districts." West Philadelphia, where this property is situated, was not incorporated until 1844 (P. L. 44). Although the consolidation Act of 1854, § 44 (P. L. 44), gave the city a right to extend by ordinance the Act of 1843, no such ordinance has been passed: Craig *v.* City, 8 Norris 265. The preliminary conditions required by the ordinance should have been complied with: City *v.* Lea, 5 Phila. 277; City *v.* Sanger, 5 Weekly Notes 335; Fell *v.* Philadelphia, 31 P. F. Smith 58; City *v.* Stewart, 1 Weekly Notes 242; Pittsburg *v.* Walter, 19 P. F. Smith 365; City *v.* Edwards, 28 Id. 62.

*George P. Rich* and *Francis S. Cantrell,* for defendant in error.—The Act of April 20th 1869 (P. L. 1190), enacted: " That the select and common councils of the city of Philadelphia shall have power and authority to order and direct the construction of branch sewers in said city whenever the same shall be approved by the Board of Surveys, and in the opinion of Councils shall be required for the health, comfort, or convenience of the inhabitants of said city; and the provisions of the Act entitled ' A further supplement to the Act to incorporate the city of Philadelphia,' approved April 8th 1864 (the Act above referred to) shall not be construed so as to apply to the same." Under this Act, Councils passed the ordinance of May 9th 1877: Ordinances of 1877, page 98. Councils are now the sole judges of the necessity of sewers, and their judgment on

that point is conclusive : Stroud *v.* The City, 11 P. F. S. 255 ; City *v.* Tryon, 11 Casey 401 ; Commonwealth *v.* Woods, 44 Pa. 113 ; City *v.* Church, 1 W. N. C. 299 ; City *v.* McNeely, 7 W. N. C. 573. Under these circumstances, it is well settled that it is not competent for the defendant to raise questions as to mere formal details, or avail himself of any such breach of ordinance : City *v.* Brooke, 31 P. F. S. 23 ; Philadelphia *v.* Wister, 11 Casey 427 ; Ibid. *v.* Burgin, 14 Wright 539 : Reilly *v.* The City, 10 P. F. S. 467 ; Hutchinson *v.* Pittsburgh, 22 P. F. S. 320.

The opinion of the court was filed April 15th 1883.

PER CURIAM. It is a mistake to assume that the plaintiff in error can inquire into the equities between the contractor and the city. Whether there has been a valid assignment from the city to the contractor, is unimportant here. If this suit was brought without either expressed or implied authority from the city, the objection cannot be made in the manner proposed. If the plaintiff had any legal and valid defence against being chargeable with the expense of constructing the sewer, that defence was open to him. He failed to prove any such defence.

Judgment affirmed.