## Tarentum Borough *v.* Moorhead, Appellant.

*Municipal lien—Paving—When claim must be filed—Acts of April* 23, 1889, *sec.* 3, *P. L.* 44, *and June* 4, 1901, *P. L.* 364.

Under section 3 of the Act of April 23, 1889, P. L. 44, providing that no assessment for paving, etc., shall be a lien on real estate for more than six months from the time of the " completion of such work," unless a claim for the same shall be filed in the office of the prothonotary within that time, the words " completion of such work," relate to the completion of the entire improvement authorized by the ordinance, and not merely the completion of the work in front of a property subject to a claim filed. The Act of June 4, 1901, P. L. 364, has no application to a case where an ordinance was adopted and most of the work done prior to the passage of the act of 1901, but not entirely completed until about a month thereafter.

Where an ordinance of a borough was passed providing for the paving of two squares of a street, and it appears that after one square was completed there was an interruption in the work for two years, but it did not appear that the ordinance was repealed, or that any corporate action was taken indefinitely postponing the paving of the second square, or otherwise clearly manifesting an intention to abandon that part of the improvement, a lien filed four months after the completion of the entire improvement, but more than two years after the completion of the work on the first square will be valid. In such a case neither the fact that there was an interruption in the work, nor the fact that it was done under two contracts nor both together will be sufficient without more, to make the paving of each square

a distinct and separate improvement within the meaning of 'the Act of April 23, 1889, P. L. 44. .

*Municipalities—Boroughs—Ratification of unauthorized act.*

A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the corporate powers and such ratification need not necessarily be by resolution or ordinance, but may be implied from the acceptance of the work and formal assertion in judicial proceedings of claims founded upon it.

Borough officers let a contract for paving under an ordinance which provided that the contract should be let to the lowest responsible bidder. Subsequently the officers without attempting to get bids entered into a new contract with the same contractor, the only difference between the two contracts being as to the price of materials. The work was completed under the second contract, and liens were filed by the borough. *Held,* that property owners could not allege as a defense against the liens, that the second contract was invalid because it had been let without an attempt to get bids, and without any resolution or ordinance specially authorizing it.

An affidavit of defense to a scire facias sur municipal lien for paving is insufficient which merely alleges that a second contract had been let by the borough to the same contractor at a higher price without showing what was the difference between the two contracts.

Argued April 13, 1904. Appeal, No. 50, April T., 1904, by defendant, from order of C. P. No. 2, Allegheny Co., Jan. T., 1902, No. 399, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Tarentum Borough v. Emma Moorhead. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur municipal lien for paving.   .

Rule for judgment for want of a sufficient affidavit of defense.

The defendant filed the following affidavit of defense : .

On September 22, 1898, the burgess and the councils of the borough of Tarentum, Pennsylvania, plaintiff herein, ordained and enacted an ordinance, a copy of which is hereto attached marked " Exhibit A " and made a part hereof, authorizing the grading, curbing and paving of South Canal street from the east line of Wood street to the east line of Ferry street, in the said borough of Tarentum. That in pursuance of said ordinance, the said borough of Tarentum entered into a written agreement with Messrs. Smith & Wood, contractors, on November 16, 1898, by authority of a resolution passed October 17, 1898, for the grading, curbing and paving of that portion of

said South Canal street, set forth in said ordinance, which provided, inter alia, as follows :

That said contractors shall commence work on said street on such a day and at such a point or points as the borough engineer may designate, and fully complete the same in accordance with said agreement, on or before the expiration of thirty days next thereafter, except the time may be extended by council, with a penalty of $10.00 to be deducted for each and every day the work is not completed. The whole contract sum or price to be paid at the expiration of nine months, if the work was in good order to the satisfaction of the borough engineer and street committee, in accordance with the prices set forth in their bid for said work, accepted by council and made a part of said agreement.

That said contractors should not be entitled to demand or receive full payment for the work or materials done and used on said street until the same shall have been fully completed in the manner set forth in said agreement, and such completion duly certified to the street committee by the borough engineer, and that each and every of the stipulations in said agreement have been complied with, and until said street committee shall be satisfied therewith.

That the estimate of the borough engineer shall be final and conclusive of the amount of work performed without exception or appeal. That said contractors shall be paid as they complete each square to the satisfaction of the borough engineer and paving committee, one third of the contract price of each square, and the balance, except seven per cent, in four months, or sooner if collected.

The said work to be commenced November 21 and finished December 21, 1898.

That in pursuance of said contract, the said contractors entered upon said street and graded, curbed and paved that portion thereof from the east line of Wood street to the east line of Boyd street, one square, except a strip thereof from three to four feet wide, between the north curb thereof and the line of the right of way of the West Penn Railroad in front of and past this defendant's property, as described in the lien upon which scire facias was issued on this case, and completed the same on or about June 19, 1899, to the satisfaction of the

borough engineer and street committee, at which time the borough engineer furnished the said borough councils with an estimate of the work so completed, upon which the cost of said work was fully paid to said contractors, the final payment thereon of seven per cent being made September 24, 1900.

That said contract was not extended after the completion of the work as herein set forth, and no further work was ever done or performed or materials furnished under said contract, on that portion of said street in front of defendant's said property, or on any part or portion of said South Canal street.

That the work which was completed on July 8, 1901, as alleged in the lien filed, upon which this scire facias was issued, was work begun on or about May —, 1901, under and by virtue of another contract in writing between said borough, or the street committee of said council of said borough and Messrs. Smith & Wood, contractors, for the grading, curbing and paving of said South Canal street, from the east line of Boyd street to the east line of Ferry street, at an increased price for the material used therein, over and above the price for material used in the work done according to the first contract herein referred to, on that portion of said street, in front and past defendant's said property, which said contract was entered into without an ordinance or resolution of the council of said borough, and without offering or attempting in any way to get bids thereon for the work to be performed thereunder.

That it was upon the completion of the work under this contract that the lien upon which this scire facias was issued, was based and filed against defendant's said property, two years, or more, after the work in front thereof had been completed, under another and different contract, which said contract and the contract of November 16, 1898, hereinbefore referred to are in the possession and control of the officers and agents of the said borough, and therefore, defendant calls for the production of the same upon the trial of this cause.

Defendant therefore avers, believes and expects to be able to prove upon the trial of this cause, that the work and material for which the lien was filed in this case, against her said property, was for work done and materials furnished under the first contract herein recited, at a different price for the mate-

rial used therein, which said work was completed more than two years before the work was finished under the second contract as herein recited, and about two years before the same was begun, and for work and materials furnished under said second contract as aforesaid. That the lien upon which this suit is based was therefore filed for a pro rata share of the sum total of the cost of the work done under both of said contracts, more than two years after the contract was completed in front of defendant's property, as aforesaid under said first contract, contrary to the act of assembly and ordinance under which said work was performed, or any act or acts of assembly authorizing such a lien.

The court on November 3, 1902, entered an order discharging a rule for judgment, but subsequently revoked this order and made absolute the rule for judgment.

*Error assigned* was the order of the court making absolute the rule for judgment.

*J. A. Beatty*, for appellants.

*Nelson McVicar*, with him *Richard A. Kennedy* and *David Smith*, for appellee, cited: Philadelphia v. Hey, 20 Pa. Superior Ct. 480 ; Pittsburg v. Knowlson, 92 Pa. 116.

OPINION BY RICE, P. J., October 17, 1904:

Section 3 of the Act of April 23, 1889, P. L. 44, provides that no assessment for paving, curbing or macadamizing under the provisions of the act shall be a lien on real estate for more than six months from the time of the " completion of such work," unless a claim for the same shall be filed in the office of the prothonotary within that time. Does this mean completion of the work in front of the property subject to the claim filed, or completion of the entire improvement authorized by the ordinance ? A consideration of the context leaves little doubt as to the correct answer to this question. The jurisdiction to charge any portion of the cost of paving, curbing or macadamizing is made dependent by the first section upon a petition of " two thirds of the owners of property representing not less than two thirds in number of feet of the properties

fronting or abutting on said street or thoroughfare, or the part thereof, proposed to be paved." If the borough can enforce collection of the charge by claim filed and sci. fa. thereon before completion of the entire improvement petitioned for, the property owner may be compelled to pay although it may never be completed. It seems unreasonable to suppose that the legislature intended by the third section to make it possible for the borough to accomplish such a result, and in this indirect way render nugatory the above quoted provision of the first section. Again the amount for which each abutter is made liable is determined by the cost and expense of the entire improvement specified in the petition and ordinance, not by the cost of curbing and paving the portion of the street in front of his property. A case might arise, indeed this is such a case, where this cost could not be definitely ascertained until the completion of the entire improvement. The argument that by postponing the running of the limitation period until all the work is done the property is made subject to a secret lien, which in this case was maintained for a considerable length of time, is not without force, but the inconvenience is not greater than would result from an opposite construction of the statute. At any rate the argument cannot prevail against the clearly manifested intention of the legislature. Upon a view of the statute as a whole it seems quite evident to us that the event or point of time described in the third section as the "completion of such work" is the same as that described in the second section as the "completion of the paving, curbing or macadamizing," and that both relate to the improvement petitioned for and ordained as an entirety. This conclusion is in harmony with the construction given to a similar provision of the Act of July 26, 1897, P. L. 420, in Philadelphia v. Hey, 20 Pa. Superior Ct. 480, and is supported to some extent by the decision of the Supreme Court in Pittsburg v. Knowlson, 92 Pa. 116.

The ordinance was adopted and most of the work done prior to the passage of the Act of June 4, 1901, P. L. 364, but was not entirely completed until about a month thereafter. It is suggested, but not very earnestly argued, that the case is governed by that clause of section 10 which provides that municipal claims of this character must be filed "within six months from the time the work was done in front of the

particular property, where the charge against the property is assessed or made at the time the work is authorized." The adoption of this construction would imply that the legislature intended to make the performance of an impossible thing a condition precedent to the collection of a claim situated like this, even though at the date of the approval of the act a right had accrued to the borough to file it upon the completion of the improvement then in progress. To say nothing of the familiar rule that a statute should be interpreted so as to operate prospectively only, unless a contrary intent is clearly manifested, the language of the clause itself, the express words of the 41st section, and the exposition of the legislative intent contained in the concluding paragraph of the repealing section show beyond all question that the legislature did not intend the clause to have the retroactive effect here claimed for it. This is all that we deem it necessary to say with regard to the act of 1901.

The improvement petitioned for and ordained covered that portion of South Canal street from the east line of Wood street to the east line of Ferry street. Between these points South Canal street is intersected by Boyd street. The contract let pursuant to the ordinance covered the entire improvement. It is alleged, however, in the affidavit of defense, that the work upon the square between Wood and Boyd streets, this being the square upon which the defendant's property is situated, was substantially completed in June, 1899; that no further work was done under that contract; that in May, 1901, the work was resumed by the same contractors, but under another contract between them and "said borough, or the street committee of said council of said borough," at an increased price for the material used, and was completed on July 8, 1901; moreover, that this contract was entered into without an ordinance or resolution of the borough council specially authorizing it, and without advertising for bids. The lien was filed November 4, 1901, this being about four months after the completion of the entire improvement contemplated by the ordinance, but more than two years after the completion of the work upon the square between Wood and Boyd streets. It is to be observed that there is no allegation that this ordinance was repealed; or that any corporate action was taken indefinitely

postponing the paving of the square between Boyd and Ferry streets, or otherwise clearly manifesting an intention to abandon the making of that part of the improvement.    For aught that is alleged in the affidavit of defense, the delay was for a cause for which neither the borough nor the contractor was responsible and was unavoidable.    Neither the fact that there was an interruption in the work, nor the fact that it was done under two contracts, nor both together would be sufficient, without more, to make the paving of each square a distinct and separate improvement within the meaning of the act of 1889.    Notwithstanding these facts, we are of opinion that the improvement petitioned for and ordained was completed when the paving and curbing of the entire portion of South Canal street between Wood and Ferry was completed, and not until then.    We do not say that there might not be such a breach in the continuity of the work as, coupled with other circumstances, might lead purchasers and incumbrancers to suppose that the intention to pave the whole street had been abandoned.    But to what extent their rights would be affected in such a case is a question which does not arise here and need not be considered.

No statute has been called to our attention which made it the duty of the borough officers to let the contract to the lowest responsible bidder, but the ordinance in question contains such provision.    Therefore, while it cannot be said that they exceeded their statutory powers or violated any statutory provision, yet it cannot be denied that in entering into the second contract without attempting to get bids they failed to comply with the mandate of the ordinance.    There is also the objection that they were not specially authorized by resolution or ordinance of council to enter into this contract.    But the only difference between the first and second contracts that is alleged is as to the price of the materials.    Unquestionably the borough had power to make that change and it is not intimated either in the affidavit of defense or in appellant's brief that any abuse of discretion was involved in the transaction or that it was tainted with fraud, or that it was not justified by the conditions existing at the time.    This being so, the principle enunciated in numerous cases is applicable, that a municipal corporation may ratify the unauthorized acts and contracts of its agents or officers, which are within the corporate powers,

and that such ratification need not necessarily be by resolution or ordinance but may be implied from the acceptance of the work and formal assertion in judicial proceeding of a claim founded on it. Amongst these cases may be cited McKnight v. Pittsburg, 91 Pa. 273; Phila. v. Hays, 93 Pa. 72; Brientnall v. Philadelphia, 103 Pa. 156; Silsby Mfg. Co. v. Allentown, 153 Pa. 319; Shiloh Street, McCormick's Appeal, 165 Pa. 386; Amberson Avenue, 179 Pa. 634; Harrisburg v. Shepler, 7 Pa. Superior Ct. 491; Erie v. Bier, 10 Pa. Superior Ct. 381. Even granting for the sake of the argument that the defendant would have a defense to the extent that the increase in the price of the materials increased her assessment, it was not sufficient to assert that the second contract was let at a higher price without showing what was the difference between the two. See Pittsburg v. MacConnell, 130 Pa. 463, and Erie v. Bier, supra. It is to be observed in conclusion that she does not aver that her property was not benefited to the extent of the charge made against it or that the price allowed the contractor was excessive. Upon the whole we conclude that the court committed no error in revoking the order of November 3, 1902, or in making absolute the rule for judgment.

Judgment affirmed.

