## Bellevue Borough *v.* Gibson, Appellant.

*Road law—Boroughs—Street improvement—Act of May 16, 1891, P. L. 71.*

1. The Act of May 16, 1891, P. L. 71, is limited in its application to street improvements completed within two years preceding the approval of the act and those in progress of completion at the date of approval.

*Road law—Boroughs—Street improvements—Omission of ordinance—Remedial ordinance—Act of May 16, 1891, P. L. 75.*

2. Where a petition is presented in accordance with the provisions of the Act of May 16, 1891, P. L. 75, for the grading, curbing and paving of a street of a borough and the street is improved under a contract made by the borough without the ordinance provided by the act, the borough councils may subsequently pass a remedial ordinance and thus legalize the contract so as to sustain municipal liens filed against abutting properties for the cost of the improvement.

3. Where an improvement of a street is made by the officers of a municipality without authority of ordinance, councils may, by subsequent ratification, validate and adopt the unauthorized act.

Argued April 26, 1910. Appeal, No. 131, April T., 1910, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1906, No. 558, for defendant on case stated in suit of Bellevue Borough v. Robert Gibson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine liability on a municipal lien.

The facts are stated in the opinion of the Superior Court.

The court below in an opinion by SHAFER, J., entered judgment for plaintiff for $335.73. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Noah W. Shafer,* with him *L. M. Shafer* and *Geo. J. Campbell,* for appellant, cited: Scranton Sewer, 213 Pa.

4; Bingaman v. Pittsburg, 147 Pa. 353; Omega Street, 152 Pa. 129.

*David L. Starr,* for appellee, cited: Dowling v. McGregor, 91 Pa. 410; Hutchinson v. Pittsburg, 72 Pa. 320; Pepper v. Phila., 114 Pa. 96; Dewhurst v. Allegheny, 95 Pa. 437.

OPINION BY MORRISON, J., July 20, 1910:

This was a scire facias on a municipal lien and after an affidavit of defense was filed, the facts were presented to the court in a case stated, from which we gather the following facts:

That the borough of Bellevue, Allegheny county, Pennsylvania, is a municipality, chartered and existing under the laws of the state of Pennsylvania; that Bayne avenue is a public street in said borough; that on October 2, 1900, a petition signed by a majority in number and interest of owners of property abutting on said street was presented to the council of said borough praying for the grading, curbing and paving of said street or avenue; that in pursuance of said petition an ordinance authorizing the grading, curbing and paving of said street or avenue was introduced in the said councils; that it does not appear upon the minutes or records of the said councils or elsewhere that any ordinance was passed by said councils or signed by the burgess of said borough authorizing the grading, curbing and paving of said street or avenue prior to September 3, 1902; that it was not made to appear that any such ordinance was actually passed or advertised in reference to the grading, curbing and paving of said street or avenue prior to September 3, 1902.

That on September 3, 1902, a contract was entered into by the authorities of the said borough of Bellevue for the grading, curbing and paving of said street, and that the contractor proceeded with and completed said work in July, 1903; that on July 27, 1903, the said borough passed a certain remedial ordinance, without peti-

tion, for the purpose of legalizing the said contract for the grading, curbing and paving of said street or avenue; that said ordinance was duly passed, signed by the burgess and properly posted and a copy of the same is attached to and made a part of the case stated.

That at No. 603, October Term, 1903, the said borough filed a petition under the Act of May 16, 1891, P. L. 75, praying for viewers to ascertain the cost and assess the benefits and damages arising out of the improvement of said street; that the said viewers so appointed entered upon their duties and their report was filed in court and confirmed nisi on October 24, 1903, and the said petition, report and record is referred to and made a part of this case stated.

That on July 1, 1904, a municipal claim or lien was filed by the said borough against the appellant as owner or reputed owner at No. 1,153, July Term, 1904; upon which the scire facias in this case was issued; that the defendant has not paid the amount assessed against his property on account of the said improvement. The case stated closes with an agreement that the court may enter judgment either for the plaintiff or for the defendant in accordance with the law as found by the court upon the facts stated, with the right to either party to appeal.

The learned court below entered a final judgment against the defendant in the sum of $335.73, with costs, to which the defendant excepted and appealed.

In our opinion the petition mentioned in the case stated gave the borough councils jurisdiction, and it cannot be doubted that the councils, with the approval of the burgess, had power to have passed a valid ordinance providing for the grading, curbing and paving of said street or avenue. The real question raised for our consideration is the effect of the said remedial ordinance which was duly passed by the borough council on July 27, 1903.

We find in the record three assignments of error. The first is that, "the court erred in entering judgment for the plaintiff upon the case stated." Second, "the court erred

in finding that the ordinance of the borough of Bellevue attempting to ratify the improvement without a compliance with the Act of May. 16, 1891, P. L. 71, was valid and binding, notwithstanding the board of viewers did not proceed to make the assessments upon the basis of a quantum meruit." Third, "the court erred in its order appointing viewers in that it did not direct the ascertainment of the cost of the grading, paving and curbing as provided by the Act of May 16, 1891, P. L. 71." We will dispose of the second and third assignments first.

A casual examination of the act therein referred to shows that it has no application whatever to the present case and, therefore, those assignments cannot be considered. The title of the act limited it to improvements completed or now in process of completion, and the tenth section of the act reads: "Proceedings under this act shall only include the ascertainment, assessment, levy and collection of the costs, expenses, and damages and benefits of all improvements completed within two years preceding the date of the approval of this act, and of those now in process of completion, when and as the same are completed;" etc. This act was approved on May 16, 1891, and its title and the act itself absolutely limits its application to improvements completed within two years preceding that date and those in process of completion when the act was approved. Therefore, counsel for appellant are in error in supposing that the proceedings in the present case were or could have been under said act. Undoubtedly the petition and appointment of viewers and their proceedings in assessing damages and benefits were rightly under the provisions of the Act of May 16, 1891, P. L. 75. Counsel for appellant have misapprehended the purpose and scope of the Act of May 16, 1891, P. L. 71. It is only remedial as to the limited cases that come within its provisions. The second and third assignments are overruled. This leaves for consideration only the question raised by the first assignment.

In Shiloh Street, McCormick's App., 165 Pa. 386, the

Supreme Court held, as stated in the syllabus: "A munici-
pal corporation may ratify the unauthorized acts and
contracts of its agents or officers which are within the
corporate power.

"Where a change of grade of a street is made by the
officers of a municipality without authority of ordinance,
councils may, by subsequent ratification, validate and
adopt the unauthorized act.

"In such a case where viewers are appointed to assess
benefits occasioned by the work, and the report of the
viewers is confirmed at the instance of the city, which
accepts the work, and issues a scire facias to recover the
assessments, the ratification of the unauthorized act is
complete." See the opinion of Mr. Justice GREEN and
the authorities therein cited.

In Tarentum Borough v. Moorhead, 26 Pa. Superior
Ct. 273, we held: "Unquestionably the borough had power
to make that change and it is not intimated either in the
affidavit of defense or in appellant's brief that any abuse
of discretion was involved in the transaction or that it was
tainted with fraud or that it was not justified by the con-
ditions existing at the time. This being so, the principle
enunciated in numerous cases is applicable, that a munici-
pal corporation may ratify the unauthorized acts and con-
tracts of its agents or officers which are within the corpo-
rate powers, and that such ratification need not necessarily
be by resolution or ordinance, but may be implied from
the acceptance of the work and formal assertion in judicial
proceedings of a claim founded upon it." Judge RICE,
who wrote that opinion, cites, in support of this proposi-
tion, a large number of cases. If such ratification may
take place without a resolution or ordinance it would seem
that the ratification in the present case by an ordinance
duly passed, approved and signed, and published, ought
not to be questioned, and this is especially so in regard to
a matter so clearly within the power of the borough coun-
cils as the grading, etc., of a street.

In City of Chester v. Eyre et al., 181 Pa. 642, it is ex-

pressly decided that "a city which has authority to authorize a contract for curbing, but does not expressly do so, may, after the work has been performed, validate the action."

In the present case the defendant received the benefit of the grading, paving and curbing and it is not pretended that there was any fraud or overcharge or any abuse of discretion connected with the matter. The only ground of complaint is the omission of the council to pass a proper ordinance and record and advertise the same before letting the contract. In these circumstances we entertain no doubt about the power of the council to pass the remedial ordinance nor as to its sufficiency to validate the proceedings.

The learned counsel for the appellee has cited authorities and argued with force that the confirmation of the report of viewers is res adjudicata as to the appellant. And further, that the latter is estopped from questioning the validity of the proceedings. We have so much confidence in the effect of the remedial ordinance and the regularity of the other proceedings that we are willing to rest our decision upon those grounds, and it is therefore unnecessary to decide the questions of res adjudicata and estoppel.

The assignments of error are all overruled and the judgment is affirmed at the costs of the appellant.