# Hamilton Avenue.

*Appeals—Assignments of error.*

1. On an appeal in a street case, a general assignment of error to the effect that the court erred in dismissing exceptions to the report of viewers, where there are a large number of exceptions, is irregular and cannot be considered.

*Road law—Ordinance—Title of ordinance—Benefits.*

2. An ordinance entitled "An ordinance authorizing the grading, paving and curbing," of a street named, and providing that "The cost, damages and expenses of the same be assessed against and collected from property specially benefited in accordance with the provisions of the acts of assembly of the commonwealth of Pennsylvania relating thereto and regulating the same," is sufficiently comprehensive in its title to give notice of an intention to impose assessments for benefits.

3. When all the provisions of an ordinance are germane to one general subject which is clearly expressed in the title in a manner which does not tend to mislead, that is all that is required by the statute.

*Municipalities—Municipal contracts—Contract for paving—Advertising—Modification of contract—Ratification.*

4. A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers, which are within the corporate power, and such ratification need not necessarily be by resolution or ordinance, but may be implied from the acceptance of the work and formal assertion in judicial proceedings of a claim founded upon it.

5. Where an ordinance provides for the paving of a street without designating the kind of pavement, and the city officials enter into a contract to have it paved with a particular kind of stone, but subsequently without readvertising direct the contractor to use vitrified brick on a small portion of the street on a hillside, and agree to pay him the increased cost of the brick over the stone, property owners who make no objection to the change at the time, cannot, after the work has been done without fraud and in good faith, claim to be released from all liabilities of assessments because of the irregular change in the contract. In such a case where the city in its petition for the appointment of viewers filed after the work was completed states that it had "accepted the said work or improvement," the court will deem that the city had ratified the unauthorized act of its agent.

*Road law—Grading and paving—Frontage—Act of May 16, 1891, P. L. 75.*

6. Under the Act of May 16, 1891, P. L. 75, a property owner cannot claim to be relieved from assessments, because only a part of his property directly abuts upon the improvement. The statute does not contemplate an assessment based wholly upon frontage. The amount of the frontage is only one element to be considered. The assessments must be based upon the benefit to the entire property.

7. Where at the intersection of two streets which cross each other somewhat obliquely there is a small triangle which is a part of one or both of the streets, and neither the triangle nor either of the streets have ever been paved, and the city in paving one of the streets, paves the triangle, an abutting owner cannot object to being assessed with the cost of paving the triangle, on the ground that he might thereafter be required to pay again when the second street was paved. An owner cannot be required to pay twice for the paving of the same surface.

8. Where a city, in paving a street at an intersection with another street, leaves an owner's property fronting upon a street which remained unpaved and uncurbed, and the property still remains liable to be assessed for the grading and paving of highways upon all sides of it, such property cannot be made subject to an assessment for the grading and paving actually done.

Argued April 21, 1911. Appeal, No. 144, April T., 1911, by Walter H. Starbird, Ella McGuigen and William J. Norris et al., from order of C. P. No. 2, Allegheny Co., July T., 1910, No. 88, dismissing exceptions to report of viewers In re Hamilton Avenue. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Order modified.

Exceptions to report of viewers. Before SHAFER, J.

The exceptions were in substance as follows:

1. That the properties of the exceptants, Walter H. Starbird, Ella McGuigen and William J. Norris do not abut on Hamilton avenue, but abut on Rosedale street, Mulford avenue and other streets in the vicinity of Hamilton avenue.

2. That the amount charged for the said improvement is excessive, unwarranted and illegal.

3. That the proceedings under which the said Hamilton avenue was improved are illegal and null and void for the

reason that, after the contract for the said improvement had been awarded on August 21, 1909, to Booth & Flinn, Ltd., an alleged contract was entered into between the city of Pittsburg and the said Booth & Flinn, Ltd., whereby "hillside brick" was substituted in place of "block stone, Class D," on said Hamilton avenue between Rosedale street and Oakwood street at the rate of $2.15 per square yard for the brick pavement, making an additional expense of $2.72 without readvertising for bids, as required by law.

4. That the ordinance under which the proceedings were had is illegal and null and void in that the title thereof does not make mention of the intention to assess cost, expenses or damages upon the property abutting on the said line of improvement, but mentions merely the grading, paving and curbing, and does not thereby give any notice to the property owners of an intention to charge them with the expense of the said proceeding.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in the following form:

1. The court below erred in making the following decree, to wit:

And now, to wit, February 18, 1911, it appearing to the court, from the record, that the report of the board of viewers in the above entitled proceeding, was filed and confirmed nisi August 5, 1910, and that exceptions were filed thereto by Walter H. Starbird, Edward Harvey and Lucinda McB. Harvey, Mary J. Kain, J. W. Hillegass, Mary Missouri Hague, William Dryburgh, Mary S. Burkle, William J. Norris, and William Mealey, L. R. Mahaffey and Ella McGuigen, respectively, which exceptions came on to be heard, and were dismissed by this court on February 16, 1911; and that no other exceptions were filed thereto; it is ordered, adjudged and decreed that the report of the board of viewers be and the same is hereby confirmed absolutely, as of February 15, 1911.

2. The court erred in dismissing the exceptions of the appellants and confirming the report of the board of viewers.

3. The court erred in not setting aside the report of the board of viewers.

4. The court erred in not sustaining the exceptions of William J. Norris, Walter H. Starbird and Ella McGuigen in that their properties do not abut on the said Hamilton avenue at any point or in any way or manner whatsoever.

5. The court erred in dismissing the appellants' exceptions to prove that the amount charged for the said improvement was excessive, unwarranted and illegal.

6. The court erred in dismissing the appellants' exception "that the proceedings under which the said Hamilton avenue was improved as aforesaid, are illegal and null and void for the reason that after the contract for the said improvement had been awarded on August 21, 1909, to Booth & Flinn, Ltd., a contract was entered into between the city of Pittsburg and the said Booth & Flinn, Ltd., whereby hillside brick was substituted in place of block stone, class "D" on said Hamilton avenue between Rosedale street and Oakwood street at the rate of $2.15 per square yard for the brick pavement, making an additional expense of $272, without readvertising for bids, as required by law.

7. That the said ordinance under which the said proceedings were had is illegal, null and void, for the reason that the title thereof does not make mention of the intention to assess costs, expenses or damages upon property abutting on said line of improvement, but mentions merely the grading, paving and curbing.

*W. H. Pratt* and *A. E. Anderson*, with them *W. H. Leahy, J. M. Russell* and *Wm. A. Jordan*, for appellants.— It is not competent to assess the costs of grading, paving and curbing a part of one street in a city, upon properties not situate upon the street to be improved: Morewood

Avenue, 159 Pa. 20; Wabash Avenue, 26 Pa. Superior Ct. 305; Grafius's Run, 31 Pa. Superior Ct. 638.

We hold that, in making assessments for municipal claims, the statutes and ordinances must be followed strictly so that where a municipality has advertised for bids for the grading, paving and curbing and the damage by grade of a street, and has let the contract for the same, it cannot change the kind of materials to be used, or diminish or increase the contract price without readvertising for bids: Loucheim v. Philadelphia, 218 Pa. 100; Mazet v. Pittsburg, 137 Pa. 548; Morewood Avenue, 159 Pa. 39.

The title of the ordinance is defective: Com. v. Braymer, 16 Pa. Dist. Rep. 747; O'Donnell v. Pittsburg, 227 Pa. 14; Com. v. Hazen, 207 Pa. 52; Com. v. Samuels, 163 Pa. 283; Dailey v. Potter County, 203 Pa. 593; Stegmaier v. Jones, 203 Pa. 47; Bennett v. Sullivan County, 29 Pa. Superior Ct. 120; Phœnixville Boro. Road, 109 Pa. 44; Kussel v. Erie, 8 Pa. Dist. Rep. 105; Chester v. Bullock, 187 Pa. 544.

*Lee C. Beatty*, with him *C. A. O'Brien* and *James B. Drew*, for appellee.—The exceptants have no right to question the validity of the contract after it has been accepted by the city: City v. Hays, 93 Pa. 72; McKnight v. Pittsburg, 91 Pa. 273; Tarentum Borough v. Morehead, 26 Pa. Superior Ct. 273.

The title was sufficient: O'Donnell v. Pittsburg, 227 Pa. 14; Com. v. Larkin, 27 Pa. Superior Ct. 297; Harrisburg v. Erby, 4 Dauphin County Rep. 278; Com. v. La Bar, 5 Lackawanna Leg. News, 229; Com. v. Moir, 199 Pa. 534; Allentown v. Wagner, 214 Pa. 210.

Opinion by Porter, J., October 9, 1911:

These appellants join in a single appeal from the confirmation of the report of viewers by the court below, alleging that their grounds of appeal are similar and the same questions are involved, under the provisions of the

Act of April 18, 1905, P. L. 198. A number of the assignments of error are very general in their terms, such as that, "The court erred in dismissing the exceptions of the appellants and confirming the report of viewers," and "The court erred in not setting aside the report of the board of viewers;" and, as each one of the appellants had filed a large number of exceptions, thus attempting to present many distinct questions, involve a flagrant violation of the rules of this court and cannot be considered. The specifications do properly raise three questions, two of which involve all the assessments made upon the property of the appellants, and the third involves only the assessments made upon the properties of Ella McGuigen, Walter Starbird and William J. Norris. We will first consider the questions which involve the integrity of all the assessments made by the report of viewers.

The first question involves the sufficiency of the title of the ordinance, under which Hamilton avenue was improved, to warrant the imposition upon abutting property of any assessment for benefits to pay the costs and expenses of such improvement. The ordinance was entitled, "An ordinance authorizing the grading, paving and curbing of Hamilton Ave., from Hale Street to Oakwood Street." The body of the ordinance in a proper and formal manner ordained that the street should be graded, paved and curbed and authorized and directed the proper municipal officers to enter into a contract or contracts for the performance of the work. The third section of the ordinance provided that, "The cost, damages and expense of the same to be assessed against and collected from property specially benefited in accordance with the provisions of the acts of assembly of the commonwealth of Pennsylvania relating thereto and regulating the same." The appellants contend that, the work having been done under this ordinance, no assessments for benefits can be sustained against abutting property for the reason that the title of the ordinance gave no notice of an intention to impose such assessments. This work was undertaken

by the city under the provisions of the Act of May 16, 1891, P. L. 75, which statute, in its eighth section, enacts: "Every municipal corporation shall also have power, upon petition of a majority of property owners in interest and number abutting on the line of the proposed improvement . . . . to grade, pave, curb, macadamize or otherwise improve any public street or public alley within its corporate limits, or which may be, in whole or in part, boundaries thereof." This is the grant of power under which the city acted in the present case. The only condition to which this grant of authority is made subject is that it shall be exercised upon the petition of a majority of property owners in interest and number abutting on the line of the improvement. No power is conferred upon the city to assess the cost and expenses of the improvement upon property, nor does this statute in express terms require that the city shall in the ordinance declare its intention to cause an assessment, in the nature of a tax, to be made upon property specially benefited. Immediately following the part of the section above quoted is found the provision of the statute which authorizes the taxation of property specially benefited to pay the cost and expenses of the improvement, made by a municipality in the exercise of the power conferred, if sufficient property so benefited can be found; "On petition, viewers shall be appointed as provided in the first section of this act" (by a court of common pleas of the county) "who shall assess the costs and expenses of the . . . . grading, paving, curbing, macadamizing, or other improvement of such street or alley upon the property benefited according to benefits, if sufficient can be found, but if not, then the deficiency, when finally ascertained, shall be paid by the municipal corporation." The jurisdiction to make the assessment, or to determine whether property is liable to assessment, is conferred not upon the city but upon the court of common pleas; it is not made dependent upon the provisions of the municipal ordinance, but is expressly and unqualifiedly conferred by the statute. The petition

which invokes the jurisdiction of the court may be presented either by the "municipal corporation or any person interested." The Act of May 23, 1874, P. L. 230, entitled, "An act dividing the cities of this state into three classes, regulating the passage of ordinances," etc., provides that "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title." This does not require that the title of an ordinance shall be a complete index to the details of its contents, as has been frequently decided. When all the provisions of an ordinance are germane to one general subject which is clearly expressed in the title, in a manner which does not tend to mislead, that is all that is required by the statute. When a municipal corporation proceeds, under the provisions of the eighth section of the Act of May 16, 1891, P. L. 75, to grade, pave and curb a street, the liability of the property benefited by the improvement to be assessed for such benefits, is, by the statute, made an incident of the exercise of the municipal power. When the title of such an ordinance clearly indicates that the city is exercising the power, conferred by the statute, to improve a particular street, it is sufficient notice to all persons interested that the ordinance may properly contain a provision that the city will avail itself of a remedy furnished by the statute under which it acts. We are of opinion that the title of this ordinance was sufficient.

The second question presented arises out of the provisions of the contract between the city and the contractor who did the paving and the substitution, under the terms of the contract, upon a small part of the street, at one end thereof, of a pavement different from that specified by the contract, involving an additional expenditure of $272, without readvertising for bids. The ordinance under which the contract was let did not designate the character of pavement to be used, but authorized the mayor and the director of the Department of Public Works to enter into contracts for the grading, paving and curbing of the street, leaving the character of the pavement to the dis-

cretion of those officers. The municipal officers having advertised for bids entered into a contract for the paving of the street with "block stone, class D" at $1.95 per square yard. The contract contained this provision: "It is further agreed that the director shall have and is hereby given the right and power to make any alterations or changes in the alignment or grade, or any alterations or changes in the arrangement or plans of the work or details of the same, or any alterations or changes, either in quantity or quality of the work or materials required by the plans or specifications that he may deem necessary or advisable, but in case of such changes or alterations, the same shall be ordered by the director in writing and the additions to or deductions from the contract price, if any, on account of said alterations or changes, shall be set forth in the order." One end of the street, between Rosedale street and Oakwood street is quite steep and during the progress of the work the director of the Department of Public Works, acting under the authority supposed to be conferred by the provision of the contract above quoted, gave to the contractor a written direction that the material for paving that part of the street should be changed and "re-pressed vitrified hillside brick" pavement be used on that part of the street instead of "block stone paving, class D," with which the rest of the street was paved, and set forth in said order that the sum of $272 additional should be allowed to the contractor on account of such change. The appellants contend that the effect of this change in the pavement of a part of the street, without readvertising for bids, was to release all the owners of property abutting upon the street from liability to assessment for any part of the expense of the improvement. It may be conceded that the provision of the contract authorizing the director to substitute paving materials other than those provided for by the contract and his action under that provision in substituting hillside brick instead of block stone pavement upon a part of the street was irregular and that the execution of the contract

might have been enjoined upon proper application by any owner of abutting property or any taxpayer of the city: Mazet v. Pittsburg, 137 Pa. 548; Loucheim v. Philadelphia, 218 Pa. 100. It does not follow, however, that because a contract was irregular and that its execution might have been enjoined by proper action, taken before the work was done, that a property owner can escape all liability for assessment when he has suffered the work to be completed under the irregular contract and the city to pay the money on account thereof. A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the corporate power. In McKnight v. Pittsburg, 91 Pa. 273, the city engineer had entered into a contract for the grading and paving of a street at a grade different from that established by ordinance, the work was done according to the contract and it was held that while the engineer had acted without authority and the city might have repudiated his act and avoided the contract, yet as the city had subsequently accepted the work property was liable to assessment. In McCormick's App., 165 Pa. 386, a contract had been duly let for the grading, paving and curbing of a street at a grade established by ordinance; the city engineer during the progress of the work and without authority made a change in the grade, which increased the cost, and it was held that the action of the city in accepting the work and coming into court and asserting a claim upon the contract was an adoption and ratification of the unauthorized act of the city engineer and that the property benefited was liable to assessment. The principle that property benefited by the improvement of a street may be made liable to assessment for the cost of the work done under an irregular or unauthorized contract, by the acceptance of the work by the city and the ratification of the unlawful act of its agent is forcibly illustrated by the cases of Philadelphia v. Philadelphia & Reading Railroad Co., 88 Pa. 314, and City v. Hays, 93 Pa. 72, which arose under the same contract. The contract out of which the cases last

cited arose was for the paving of Lehigh avenue, in the city of Philadelphia, which had been entered into by an officer of the city without authority, and it was in the first case held that the contract was void and there could be no recovery upon the assessment against the property. The city then passed an ordinance ratifying the contract, and it was in the second case held that the city having adopted the unauthorized act of its officer, the assessment against the property was valid.   The principle, enunciated in numerous cases, that a municipal corporation may ratify the unauthorized acts and contracts of its agents or officers, which are within the corporate power, and that such ratification need not necessarily be by resolution or ordinance but may be implied from the acceptance of the work and formal assertion in judicial proceedings of a claim founded upon it, is too well settled to be now questioned: Brientnall v. Philadelphia, 103 Pa. 156; Amberson Ave., 179 Pa. 634; Philadelphia v. Gorgas, 180 Pa. 296; Tarentum Borough v. Moorhead, 26 Pa. Superior Ct. 273.   The city having the undisputed power to establish grades and to make contracts for paving, with hillside brick or any other suitable material, the correlative power of adopting grades and contracts, made by its officers for its benefit, necessarily follows: McKnight v. Pittsburg, 91 Pa. 273.   Silsby Manufacturing Co. v. Allentown, 153 Pa. 319.   There is in the present case no suggestion of fraud or bad faith in the letting of the contract or the manner in which it was carried into effect, nor that the pavement laid was not well suited to the character of the street. The appellants made no offer of evidence tending to establish that the hillside brick pavement used upon a part of the street was not fully worth the price paid for it.   The report of viewers distinctly states that in determining and assessing the cost and expenses of the improvement the viewers "had in view the worth and value of the improvement itself; and from all the evidence before them, they are of opinion, and so find and report, that the total amount of damages, costs and expenses as shown in the an-

nexed schedule, does not exceed the worth and value of
said improvement." The total cost and expense of the im-
provement was $14,726.72, of which the sum of $4,673.50,
or almost one-third of the entire cost, was assessed against
the city. The amount which the city is thus called upon
to pay, in relief of the owners of abutting property, cer-
tainly greatly exceeds any difference between the value
of the pavement as laid and the value of the pavement
composed entirely of block stone, which the city officers
might have been required to lay under those provisions
of the contract which were unquestionably valid. It is
important here to observe that the assessments made
under the act of 1891 are not made according to the foot-
front rule, by an officer of the city who arbitrarily imposes
the entire cost of the improvement, or any fixed portion
thereof, upon property according to frontage. These as-
sessments are made upon property benefited, upon the
basis of the peculiar benefit only, and property which is
not found to be actually benefited is not assessable, no
matter what the cost of the improvement may have been.
These considerations clearly bring the case within the
principle that the city may accept and ratify the unauthor-
ized contract of its agent which is within the limit of the
corporate power. The city having come into the court
below with its petition for the appointment of viewers,
under the provisions of the act of 1891, and having in that
petition expressly stated that it had "accepted the said
work or improvement," the court below was clearly right
in holding that the municipality had ratified the unauthor-
ized contract of its agent. The specifications of error
which challenge the validity of all the assessments for
benefits made by the report of viewers are without merit,
and the exceptions in the court below upon which those
specifications of error are founded were by that court
properly dismissed.

The assertions of three of the appellants, respectively,
that their properties do not abut upon the line of the im-
provement and are, therefore, not liable to assessment

Opinion of the Court.          [48 Pa. Superior Ct.

remain to be considered. The property of the appellant
Ella McGuigen, does in fact directly abut upon the line
of the improvement, as is clearly disclosed by the excep-
tion filed by her in the court below and by the admission
in the brief of her counsel presented in this court. Even
if it be conceded that only a part of the frontage of her
property is upon Hamilton avenue, the fact remains that
a part of her property directly abuts upon the improve-
ment. The statute under which this assessment was
made does not contemplate an assessment based wholly
upon frontage, the amount of the frontage is only one
element proper to be considered; the assessment must be
based upon the benefit to the entire property. We find
nothing in this record to indicate that the court fell into
error in dismissing the exceptions filed by Ella McGuigen,
and her appeal is without merit.

The property of Walter H. Starbird is located on the
north side of Hamilton avenue and on the west side of a
street called Mulford street. The appellant did not offer
in the court below and we are left without any informa-
tion as to how either Hamilton avenue or Mulford street
were originally located and became public highways. The
only evidence as to the width of Hamilton avenue, or as
to whether it was of uniform width throughout its entire
length, to be found in this record, is the plan attached to
the report of viewers. No other evidence as to these
matters was even offered in the court below. That plan
shows the easterly line of Mulford street, as carried out
to the line which marks the general course of the north
line of Hamilton avenue. The angle formed by these two
lines is a trifle less than a right angle, although it is but
slightly acute. If what seems to be the general westerly
line of Mulford street were projected to the line cor-
responding with the general northerly line of Hamilton
avenue the angle formed by the streets upon that side
would be slightly obtuse, but the lines of the streets are
not carried through upon their general courses to this
corner. A triangle has been cut off from the private

property and thrown into the highway, the base of this triangle corresponding with the building line of the Starbird lot. This building line does not correspond with the general western line of Mulford street nor with the general building line of the north side of Hamilton avenue, although it more nearly approaches the general bearing of the latter than the former line. It is conceded that this triangle is part of a public highway, but the appellant asserts that it is a part of Mulford street and not of Hamilton avenue. There never had been, prior to the present improvement, any paving of Hamilton avenue, Mulford street, or the triangular piece of highway in question. The city in making the present improvement set the curb at the regulation distance from the building line of the Starbird property and paved the triangular piece of highway in question, as a part of Hamilton avenue. The appellant asserts that this was an unauthorized act and that his property will still remain liable to assessment when the city at some future time improves Mulford street. The city having once paved the street in front of appellant's property he can never be again assessed for paving that particular part of the highway; if he is hereafter assessed for paving Mulford street it will be because the side of his lot abuts upon that street which never has been paved, and this is always an incident of the ownership of a lot upon a street corner. The city has in this case set the curb and paved the street directly in front of appellant's property, upon the Hamilton avenue side. There is no private property between the lot in question and Hamilton avenue. The appellant having offered no evidence to the contrary, the presumption arises that he is the owner in fee of the land to the center of the highways upon which his property abuts, that is, he owns to the middle line of Mulford street and to the middle line of Hamilton avenue, including the small triangular piece which is certainly a part of one or of both these streets. If both Mulford street and Hamilton avenue were duly vacated this appellant would be authorized, under the provisions of

sec. 3 of the Act of February 27, 1849, P. L. 90, to claim as his own, so far as the evidence in this case indicates, the land up to the middle line of each of said streets. We are of opinion that Starbird is, within the meaning of the principle, an owner of abutting property and that property is liable to assessment for the improvement.

The case of the appellant Norris presents a different question. His property is situated south of Hamilton avenue and upon the westerly side of Rosedale street and fronts directly upon a street called Mulford street, which seems to be a street entirely distinct from that of the same name intersecting the northerly side of Hamilton avenue, as it is of a different width and runs in a different direction. The street upon the south side of which the property of this appellant fronts enters Hamilton avenue from a southwesterly direction, at an angle decidedly acute. The city in making the improvement of Hamilton avenue constructed the paving of the street across the intersection of Mulford street, upon the south side of which appellant's property fronts, upon the exact line of Hamilton avenue, the south line of the street paving being some distance from what would be the Mulford street curb line in front of appellant's property. No curb was placed in front of appellant's property and the part of Mulford street in front of his curb line was permitted to remain unpaved. When the work was completed the appellant's property still fronted upon a street that was uncurbed and unpaved; that property, as indicated by the plan, was surrounded by highways of this character, and still remained liable to be assessed for the grading and paving of highways upon all sides of the lot. The city, in short, in making this improvement treated appellant's property as if it did not front on Hamilton avenue and left the street in front of that property unpaved and uncurbed. This being the case the property of Norris cannot properly be made subject to an assessment for the improvement, and his exception should on that ground have been sustained.

The decree of the court below confirming the report of

viewers is modified by striking from said report the assessment upon the property of William J. Norris, and with this modification the decree is affirmed.