**Millcreek Township v. Young**

*Eugene J. Brew, Jr.,* for plaintiff.
*William C. Sennett,* for defendant.

McCLELLAND, *J.,* February 25, 1981 — This is an action to uphold the validity of a municipal lien.

Defendants attack the lien on two grounds: (1) The water authority had previously agreed not to extend lines into the Hemlock development since all of the homes, including defendants', were already adequately supplied by underground wells; and (2) The liens were filed more than six months

after completion of the project and are, therefore, void.

First, is the water authority barred from assessing defendants, residents of the Hemlock subdivision, by an agreement executed pursuant to prior litigation?

In 1976, the water authority had proposed to extend water lines into certain areas on West Lake, West Ridge and Swanville Roads. This plan, designated Project 1, was discontinued because of litigation which ended when the water authority agreed to delete the Hemlock area from the "present water line project." Eventually, the whole project was scrapped.

One year later, the water authority resumed plans to construct water lines along West Lake and West Ridge Roads. While this project, designated Project 2, included Hemlock subdivision, Project 2 differed substantially in scope from Project 1.

Thus, we do not believe that Project 2 was proposed as a means of subverting the water authority's agreement to withdraw from Project 1. Neither do we believe that the water authority's agreement to discontinue Project 1 with regard to the Hemlock subdivision bound the water authority forever from extending their services into the Hemlock area. The correspondence between the water authority and the Hemlock residents' counsel referred only to the "present water line project"; namely, Project 1. No reference was made by either side to possible future projects and this court cannot now broaden the scope of that previous agreement by literally interpreting the clear language of the agreement.

We conclude, therefore, that the water authority was not barred from extending its water lines into the Hemlock plan and assessing the costs against the residents, including defendants.

The next issue is whether the assessment was properly filed against defendants.

Both parties concede that the statute, 53 P.S. §7143, requires that the municipal lien be filed within six months after the completion of the improvement.

The dispute lies in determining the completion date since there are two dates from which to choose.

It is necessary to understand the process employed in constructing the disputed water line before this issue can be resolved.

The line itself was divided into two parts; the West Lake Road portion was awarded to Milano Construction Company and the West Ridge Road extension was built by the Felix Construction Company. While both lines were fed into a main line on Asbury Road, at no point did the West Lake Road line physically converge with the West Ridge Road line.

The West Ridge Road line was completed first and usable by August of 1977. An engineer's certificate, dated November 23, 1977, states that the West Ridge Road portion could be put into service.

The West Lake Road extension was not certified as complete until July of 1978. The municipal liens which are at issue here were filed August 1, 1978. It should be noted that defendants' residences would be supplied from the West Ridge Road portion of the project which was completed one year before the municipal liens were filed.

The water authority waited until the entire West Lake/West Ridge Roads project was completed before assessing costs. Even though the lines were physically separate and distinct and even though separate biddings were conducted and separate contracts awarded, the costs for the entire project

were lumped together and divided among the residents serviced by both lines. This negated any benefit that the residents along one line would have received by a more favorable contract price for their line.

The water authority argues that the final engineer's certificate dated July 17, 1978 is dispositive of the issue of when the project was completed. Admittedly, the statute, 53 P.S. §7143, makes the engineer's certificate conclusive of the time of completion. In this case, however, the court must decide between two such certificates; one which certifies the West Ridge Road extension as complete and the other certifying West Lake Road portion as complete and noting the completion of the entire project.

For two reasons, we believe that, as regards these defendants, the court is bound by the earlier certificate.

First, the wording of the second certificate[1], in effect, certifies only the West Lake Road portion of the entire project. This second certificate then notes that the entire project is complete but does not, contrary to the argument of plaintiff, certify the entire project. Since the West Ridge Road line was certified November 23, 1977 and it is this line which services defendants, we find that the munic-

---

1. Consulting Engineers Certificate of July 17, 1978 reads: "We hereby certify that the West Lake Road water main extension, constructed by Milano Construction Company with materials supplied by the Pennsylvania Water Company for Millcreek Township Water Authority, has been completed in substantial conformance with the plans and specifications. The entire West Lake Road, West Ridge Road, Swanville Road Water Main Project, of the Millcreek Township Water Authority, is now completed and can be placed in service."

ipal lien was filed later than the six months allowed by statute.

Secondly, we believe that our conclusion is entirely consistent with earlier decisions which define the phrase "completion of work" as completion of the work covered by the contract. See Tarentum Borough v. Moorhead, 26 Pa. Superior Ct. 273, 1904; Philadelphia v. Hey, 20 Pa. Superior Ct. 480, 1902.

The final issue is whether the assessment can be saved by the application of the savings statute, 53 P.S. §7432, which reads:

Whenever, heretofore or hereafter any . . . municipality authority has failed to file . . . any . . . municipal claim assessed against any property within the time limit required by law . . . any such . . . municipality authority . . . may, at any time after the effective date of this act, file such . . . municipal claim . . . and such claim . . . shall be a valid claim . . .

This court agrees with the plaintiff that section 7432 is determinative of the case and we uphold the validity of the municipal lien filed against defendants. See New Freedom Borough v. Lafferty, 72 D. & C. 2d 508, 1974.